## ED HAGERTY v. STATE.

No. A-3700. Opinion Filed March 11, 1922.
Rehearing Denied Nov. 28, 1922.
(210 Pac. 300.)

(Syllabus.)

1. **Appeal and Error—Necessity for Objections Below—Duplicity in Indictment or Information.** An objection that an indictment or information is duplicitous must be raised by demurrer in the trial court. The failure to raise such objection by demurrer amounts to a waiver of the objection.

2. **Trial—Instruction on Circumstantial Evidence.** Where some of the evidence is circumstantial and some direct, the defendant is not entitled, as a matter of right, to have the jury instructed fully upon the law of circumstantial evidence.

3. **Appeal and Error—Harmless Error—Incompleteness of Instructions as to Description of Offense.** Although the instructions

may not contain a complete description of the offense as charged in the information, in view of the fact that the jury may have access to the information for a more complete description of the offense, or request further instructions, the instructions given in other respects not being such as to mislead the jury or to deprive the defendant of any constitutional or statutory right, and an inspection of the record convincing this court that the trial did not result in a miscarriage of justice, a reversal will not follow because of inaccuracies in or incompleteness of instructions considered separately.

4. **County Attorney's Argument Warranted by Evidence.** Argument of county attorney examined, and considered in connection with the evidence, and held to be warranted by the evidence.

5. **Sufficiency of Evidence.** The evidence in this case is held to be sufficient to support the verdict and judgment.

Appeal from District Court, Custer County; J. W. Bird, Judge.

Ed Hagerty was convicted of burglary in the second degree, and he appeals. Affirmed.

E. L. Mitchell, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

MATSON, J. Ed Hagerty was convicted in the district court of Custer county, at the November, 1919, term thereof, of the crime of burglary in the second degree, alleged to have been committed by him on the 22d of June, 1919, by breaking and entering in the nighttime a certain building in the city of Clinton, in said county, situated on lot 13 in block No. 36 in the original town, and being the property of the Oklahoma State National Bank, and being then and there occupied by the Clinton Drug Company, and in which was kept the personal property of said Clinton Drug Company, and with a felonious and burglarious intent on his part to take, steal, and carry away by fraud and stealth certain personal property of the Clinton Drug Company, with the unlawful and felonious in-

tent to deprive the Clinton Drug Company thereof and to convert same to his own use, et cetera. The punishment assessed by the jury was imprisonment in the state reformatory at Granite for a period of two years, the minimum provided by law for such offense.

Among other grounds for a reversal, it is contended that the information is duplicitous, in that it charges both the crimes of burglary and larceny in one count. We deem it unnecessary to enter into a discussion of the merits of this assignment, as no demurrer was interposed to the information in the trial court.

Section 5791, Revised Laws 1910, in part provides:

"The defendant may demur to the indictment or information when it appears upon the face thereof: * * * Third. That more than one offense is charged in the indictment or information."

Section 5792, Revised Laws 1910, provides:

"The demurrer must be in writing, signed either by the defendant or his counsel, and filed. It must distinctly specify the grounds of the objection to the indictment or information, or it must be disregarded."

Section 5799, Revised Laws 1910, in effect provides (among other things) that an objection that an information is duplicitous can only be taken by demurrer.

From the foregoing statutory provisions it is evident that an objection that an information is duplicitous, when made for the first time in the appellate court, is too late. The failure to properly raise this objection by demurrer to the information in the trial court upon this specific ground amounts to a waiver of the objection, and under the statute this court must disregard it. Childs v. State, 4 Okla. Cr. 475, 113 Pac. 545, 33

L. R. A. (N. S.) 563; Stone et al. v. State, 12 Okla. Cr. 313, 155 Pac. 701.

Further, it is contended that the trial court erred in failing to give an instruction on circumstantial evidence. No request was made of the trial court to instruct on this subject. The evidence relied upon by the state for a conviction was not wholly circumstantial. While most of the state's evidence was circumstantial, there was some evidence of a purported confession having been made by the defendant. Under such circumstances the defendant was not entitled, as a matter of right, to have the jury instructed fully upon the law of circumstantial evidence. Hendrix v. U. S., 2 Okla. Cr. 240, 101 Pac. 125; Star v. State, 9 Okla. Cr. 210, 131 Pac. 543; Price v. State, 9 Okla. Cr. 359, 131 Pac. 1102.

In this connection it is also contended that the instructions as a whole were "indefinite, vague, incomplete, and did not fully present the law of the case to the jury." While we do not consider the instructions a model set, and, are of the opinion that the court could have and should have been more specific in designating in the instructions the description of the offense charged, it is apparent from an examination of the entire record, however, that any inaccuracies or incomplete statements in the court's instructions were not such as to mislead the jury or to deprive the defendant of any constitutional or statutory right, as the jury may have access to the information itself for a more complete description of the offense than that given in the instructions or request further instructions, and in other respects the instructions are deemed to be sufficient. Especially is this conclusion impressed upon the court by the statutory provision prohibiting this court from reversing a criminal judgment on the ground of the— "misdirection of the jury * * * unless, * * * after an examination of the entire record, it appears that the error complained

of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.'' Section 6005, Revised Laws 1910.

It is also contended that in the closing argument of the county attorney certain statements were made prejudicial to the substantial rights of the defendant. The remarks complained of were objected to at the trial by counsel representing the defendant, and the trial court very promptly admonished the county attorney to stay within the evidence.

We have made a very careful examination of the remarks complained of, in connectiton with the transcript of the evidence, and are of opinion that the comments and deductions of the county attorney in his argument were clearly warranted by the evidence, and the statements made by him were not such as were calculated to arouse the prejudices or to appeal to the passions of the jury, to the exclusion of the evidence in the cause. We therefore find no ground for reversing the judgment on this assignment.

The evidence is sufficient to sustain a conviction. The direct and circumstantial evidence is such, in our opinion, as to lead unerringly to the conclusion that the defendant is guilty of the offense for which he was convicted. He had the benefit of able counsel, who were untiring in their efforts in his behalf. The fact that the minimum punishment was imposed by the jury is attributable more to the energetic efforts of defendant's counsel than to any other cause.

For reasons stated, the judgment is affirmed.

DOYLE, P. J., and BESSEY, J., concur.