## CLIM ADAY v. STATE.

No. A-4551.    Opinion Filed Nov. 15, 1924.
(230 Pac. 280.)

(Syllabus.)

**Trial—Defendant not Entitled to Instruction on Circumstantial Evidence, When.** Where some of the evidence is circumstantial and some direct, the defendant is not entitled to an instruction on circumstantial evidence as a matter of right.

Appeal from County Court, Cotton County; J. C. Norman, Judge.

Clim Aday was convicted of transporting intoxicating liquor, and he appeals. Modified and affirmed.

D. B. Madden and Walter Hubbell, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J. This is an appeal from a judgment of the county court of Cotton county, wherein the plaintiff in error was charged with and convicted of the crime of transporting intoxicating liquor, with his punishment assessed at confinement in the county jail for a period of six months and a fine of $500.

Frank Boles, an undersheriff of Cotton county, for the state, testified that about 10 o'clock at night he was down near the depot and saw a car approach—quoting from his testimony:

"And when I got to the hotel the car lights swung around, and I stepped back into some weeds, and the car run up to within, I suppose, 30 feet of me, and stopped, and when the car moved up, Aday was there with the jug and started southeast, and I called to him to stop, and I called three times, and he did not stop, and I shot in the air, and he was going, and I was going on towards him, and I walked up to within 15 or 20 feet of him, and he was breaking up these pieces of the

jug, and when he straightened up and started towards me, and we met 7 or 8 feet from where he was breaking up the jug and some time after I shot, and he said, 'Don't shoot,' and he said, 'You can't arrest me without a warrant,' and I says, 'I have done it,' and he says, 'Give me 10 or 15 minutes to get them and make bond,' and I says, 'All right,' and I started off and happened to think that judge was out of town, and I went back and told him to come down the next morning.''

"Q. When you went up near where he was breaking the jug did you smell the odor of the jug? A. Yes, sir.

"Q. Could you tell what direction it was coming from? A. No, just smelled it in the air.

"Q. Like the air was full of it? A. Yes, sir."

Another deputy sheriff in part corroborated Boles.

The defendant complains that the evidence is insufficient to support the verdict, and that the court refused to give an instruction on circumstantial evidence. In our opinion the evidence is sufficient. If the jug in controversy had contained water, molasses, vinegar, or any other nonintoxicating substance, the defendant would not have broken the jug, or otherwise deported himself as he did.

Following the rule announced in Price v. State, 9 Okla. Cr. 359, 131 Pac. 1102, and Hagerty v. State, 22 Okla. Cr. 136, 210 Pac. 300, where some of the evidence is circumstantial and some direct, the defendant is not entitled to an instruction on circumstantial evidence as a matter of right. The breaking of the jug in the presence of the officer, and its alcoholic contents, as detected by the sense of smell, as well as the conduct of the defendant at the time of his arrest, was direct evidence. Circumstantial evidence, as distinguished from direct evidence, is testimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved. 8 C. J. 180; 9 C. J. 930.

It is suggested that, even if the defendant is guilty, the punishment assessed is excessive, and that this court should modify it. Nothing appears one way or the other as to the reputation of the defendant, as to his being a law-abiding citizen, or any facts indicating extreme moral turpitude. The extreme penalty should be assessed in extreme cases; the minimum penalty is intended for first offenders, and in cases where the moral delinquency is not great. The sentence will therefore be modified to confinement in the county jail for a period of 90 days, and to pay a fine of $250, and the judgment as so modified is affirmed.

MATSON, P. J., and DOYLE, J., concur.