W. M. WARD, Jr., et al. v. STATE.

No. A-8538. Aug. 11, 1933.
(24 Pac. [2d] 358.)

J. C. Daugherty, for plaintiffs in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiffs in error, hereinafter referred to as the defendants, were convicted of assault with intent to kill J. C. Tucker and H. S. Fry, and appeal. This appeal is by transcript, and the only question raised is the question of the sufficiency of the allegations in the information, which information, omitting the caption, is as follows:

"Now comes E. E. Heyl the duly qualified and acting county attorney, in and for Washington county, state of Oklahoma, and gives the district court of Washington county, state of Oklahoma, to know and be informed that W. M. Ward, Jr., and Pete Harman did, in Washington county, and in the state of Oklahoma, on or about the 19 day of August in the year of our Lord, one thousand nine hundred and thirty-two and anterior to the presentment hereof, commit the crime of shooting with the intent to kill in the manner and form as follows: That the said W. M. Ward, Jr., and Pete Harman, in the county and state aforesaid, on the day and year aforesaid, did, then and there, knowingly, willfully, unlawfully, feloniously and without justification or excusable cause and while they were then and there engaged in resisting the execution of legal process, to wit: A commitment to the county jail of Washington county, Oklahoma, issued by J. E. Hickey a justice of the peace, and while being transported to the county jail on said commitment by J. C. Tucker and H. S. Fry, make an assault in and upon J. C. Tucker and H. S. Fry with the hands of them, the said W. M. Ward, Jr., and Pete Harman, and with a certain weapon, to wit: A 44 calibre pistol hand and held in the hands of them, the said W. M. Ward, Jr., and Pete Harman, and did, then and there with the said pistol shoot, shoot at and attempt to shoot and kill them, the said J. C. Tucker and H. S. Fry, with the wrongful, unlawful and felonious intent then and

there on the part of them, the said W. M. Ward, Jr., and Pete Harman, to kill the said J. C. Tucker and H. S. Fry."

To the information the defendants, W. M. Ward, Jr., and Pete Harman each demurred; omitting the caption and signatures, the demurrer is as follows:

"Said Pete Harman (W. M. Ward, Jr.) defendant herein, and demurs to the information herein filed against him, for the reason and cause that said information does not state or contain facts sufficient to charge the offense of an assault with intent to kill, or any offense against the laws of the state of Oklahoma."

Section 2948, Okla. Stat. 1931, among other things in the third and fourth paragraphs, reads as follows:

"Third. That more than one offense is charged in the indictment or information.

"Fourth. That the facts stated do not constitute a public offense."

Section 2949, Okla. Statutes 1931, reads as follows:

"The demurrer must be in writing, signed either by the defendant or his counsel, and filed. It must distinctly specify the grounds of the objection to the indictment or information, or it must be disregarded."

The information in this case charges an offense of assault with intent to kill, which is an offense against the laws of the state of Oklahoma, and the demurrer of the plaintiffs on the grounds set forth in the demurrer was properly overruled. The defendants did not demur to the information on the ground that it was duplicitous; the only ground being that it did not state facts sufficient to charge the offense of assault with intent to kill, or any other offense against the laws of the state of Oklahoma. If the defendants relied upon the information being duplicitous, their demurrer should have distinctly specified

the grounds of the objection to the information. Failure to so state in the demurrer operated as a waiver. Hagerty v. State, 22 Okla. Cr. 136, 210 Pac. 300.

The transcript shows that, when the first witness was called by the state and had given some testimony, the defendants objected "to any testimony for the reason that the information is too indefinite and uncertain to charge an offense, or to apprise said defendants, or either of them, of the specific offense they were required to defend," which objection was overruled and exceptions saved. The court properly overruled the objection of the defendants, for the reason that the information is sufficient to charge the defendants with an assault with intent to kill.

Finding no error in the transcript sufficient to warrant a reversal, the judgment of the trial court is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.