## ROY WHEATLEY v. STATE.

No. A-10174.    June 30, 1943.
(139 P. 2d 809.)

Glen O. Morris, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, P. J.    The defendant, Roy Wheatley, was charged in the court of common pleas of Oklahoma county with the unlawful transportation of intoxicating liquor, a jury was waived, defendant was tried to the court, found guilty and sentenced to serve 30 days imprisonment in the county jail and pay a fine of $50.

The evidence discloses that certain policemen of Oklahoma county, armed with a search warrant, made a search of the car which the defendant was driving on North Broadway in Oklahoma City and found one pint of whisky and one quart of gin under the seat. The defendant claimed that the whisky belonged to his brother and that he did not know it was in the car.

The sole issue raised is the contention of defendant that the court erred in allowing the county attorney to inquire of the defendant on cross-examination as to his convictions for liquor violations in the police court. Over the objection of counsel for defendant, the defendant testified on cross-examination that he had been convicted in police court of violations of the liquor laws ten or fifteen times.

This contention of defendant has been decided adversely to him in several cases. James v. State, 64 Okla. Cr. 174, 78 P. 2d 708; Strickland v. State, 46 Okla. Cr. 190, 284 P. 651, and cases therein cited.

In all of these cases a distinction is drawn as to violations of municipal ordinances which are likewise offenses under the state law, and for petty offenses, such as running stop signs, overparking and similar offenses which are not made crimes by state law. Any conviction for a violation of a municipal ordinance, which is likewise an offense against the state law, may be shown for the purpose of discrediting the witness, while the ordinary police court conviction, which does not involve a violation of some state law, may not be so shown. It is the taint of conviction for crime which affects the credibility of the witness and not the court in which the conviction was had.

Since the cross-examination of the defendant was addressed solely to liquor law violations in the municipal

court which likewise were violations of the state law, there was no error in the admission of this evidence.

Since a jury was waived, the judgment of the court upon a disputed question of fact is entitled to the same weight as the findings of a jury.

The judgment of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., absent and not participating.