## WOOLRIDGE v. STATE.

No. A-11212.   Nov. 22, 1950.

Rehearing Denied Jan. 17, 1951.

(225 P. 2d 1028.)

William H. Lewis and A. E. Pearson, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Arthur Woolridge, was charged by an information filed in the district court of Oklahoma county with the crime of murder allegedly committed by shooting one Willie Stubbs on August 21, 1948; was tried, convicted of manslaughter in the first degree, and pursuant to the verdict of the jury was sentenced to serve 50 years in the State Penitentiary.

The following propositions are presented in the brief of defendant:   First, alleged error of the court in submitting the issue of murder to the jury.   Second, alleged error of the court in permitting the county attorney in cross-examination of the defendant to interrogate him concerning other convictions for crime.   Third, alleged error of the court in refusing to declare a mistrial on motion of the defendant when it was shown that the witnesses after they had been placed under the rule met together with the county attorney and each related his story in the presence of the other witnesses in violation of the court's admonitions.

The evidence of the state showed that the homicide occurred at a combination beer tavern and pool hall operated by one Jesse Lee Orange in the Negro community of Green Pastures in Oklahoma county.   All of the parties concerned were Negroes.   The deceased had been at the tavern all night and together with the defendant and others had been in a dice game.   Apparently all of them had been drinking beer or some other intoxicating liquor.   A few minutes before the fatal difficulty the defendant and one Willie Jones had a wrestling match in front of the tavern.   Shortly after the wrestling had ended the deceased and Eddie Jones, brother of Willie Jones, were seen sitting on the edge of a pool table talking to each other.   The defendant walked over and said, "cut out that signifying", and then said to

Willie Stubbs, the deceased, "you get out of here". Stubbs said, "I'm not doing anything". As to exactly what transpired at that time the witnesses were not in exact agreement but some of them stated that the defendant again ordered Stubbs to leave the place, and some of them said he said, "if you don't get out of here I will shoot you"; that the defendant then gave Stubbs a shove and pulled a gun and struck at Stubbs and fired at the same motion. The shot struck Stubbs in the neck, severing the jugular vein from the effects of which shot he died a few minutes later. The defense was a double barreled affair in which defendant claimed that he acted in self-defense and also that the shooting was entirely accidental. In this connection he testified that when he told the deceased to quit "signifying" the deceased ran his right hand into a pocket whereupon he, the defendant, pulled his gun and struck the deceased on the head, causing the gun to accidently discharge.

It is unnecessary to set out a summary of the evidence of each of the witnesses. It is sufficient for the disposition of this question to state that we have thoroughly read the record and find that there was sufficient evidence if credited by the jury to authorize the court to submit the issue of murder. Furthermore, the jury by finding the defendant guilty of manslaughter came to the conclusion that the facts did not justify a conviction for murder.

The second proposition urged by counsel for defendant is directed at the cross-examination of the accused concerning his conviction for other crimes, including convictions in the police court of Oklahoma City for gambling and possession of whisky.

Counsel for defendant cite many cases sustaining the general rule that evidence of offenses other than the one

charged is inadmissible unless it tends to prove the guilt of the defendant of the crime for which he is being tried.

However in the recent case of Chambless v. State, 90 Okla. Cr. 423, 214 P. 2d 947, this court held:

"County attorney may not inquire of defendant on cross-examination as to petty convictions in municipal court where the same do not constitute offenses under the state law.

"County attorney may inquire of defendant on cross-examination, for the purpose of affecting his credibility, as to his convictions in police court for violation of municipal ordinances prohibiting the possession or sale of intoxicating liquors, as the same constitute offenses under the state law and are crimes within contemplation of statute."

To the same effect are the cases of Wheatley v. State, 77 Okla. Cr. 122, 139 P. 2d 809, and Atkinson v. State, 87 Okla. Cr. 142, 196 P. 2d 522. In the instant case the county attorney by his cross-examination of the defendant brought out the fact that defendant had been convicted of burglary in the second degree and of certain convictions in the police court of Oklahoma City, which offenses likewise were offenses prohibited under the state laws. At the time the first question concerning these convictions was asked the record disclosed the following admonition given by the court to the jury:

"Q. Have you ever been convicted of a violation of the laws of the State of Oklahoma? Mr. Pearson: Comes now the defendant and objects to that as being incompetent, irrelevant, immaterial, and not admissible evidence. The Court: Overruled and exceptions allowed. Mr. Pearson: To which the defendant excepts. The Court: Exceptions allowed. However, gentlemen of the jury, you are advised that any testimony or any evidence in this regard is only admitted from the standpoint of the cred-

ibility of the defendant as a witness, and not to establish his guilt to the charge now on file."

In addition to this admonition to the jury, the trial court gave a fair and complete instruction concerning the admissibility of this evidence and specifically limited the jury in its consideration of such evidence in so far as it might affect his credibility as a witness.

In addition to what has been hereinabove said, it is well to note that counsel for defendant went even further in his cross-examination of the state's witnesses. On more than one occasion counsel for defendant asked witnesses whether or not they had ever been arrested for any crime. It is improper, of course, to ask a witness whether he has been arrested for a crime but the inquiry which may be made for the purpose of affecting his credibility as a witness is limited solely to convictions sustained by the witness.

As to the third proposition presented on behalf of defendant, the record discloses that during the cross-examination of the state's witness Martin Thompson the witness admitted that he and the other witnesses had met with the county attorney in his office on the morning of the trial and each had told the prosecutor what his testimony would be. When this evidence was disclosed to the court by the testimony of this witness counsel for defendant moved to strike the evidence because the witnesses had related their stories in the presence of each other in violation of the court's instructions to the witnesses not to discuss the case with each other. This motion was overruled with an exception allowed to the defendant.

This court has uniformly adhered to the rule as stated in Gorum v. State, 67 Okla. Cr. 75, 92 P. 2d 1086, 1087 as follows:

"Where the court orders witnesses to be sworn and excluded from the courtroom during the taking of testimony, and a witness wilfully violates such rule, it is within the discretion of the court to allow or exclude the testimony of such witness." Kilgore v. State, 10 Okla. Cr. 446, 137 P. 364; Womble v. State, 50 Okla. Cr. 108, 296 P. 515.

In connection with this motion presented by defendant, the record is not clear as to whether the witness together with other state's witnesses had met in the office of the county attorney before or after they had been placed under the rule by the court. Assuming for the purpose of disposing of this proposition that it was after the rule had been invoked, we still are unable to see any abuse of discretion in the court's ruling. There is very little difference in the testimony of the witnesses for the state and for the defendant as to the actual facts surrounding the commission of the homicide. Only the defendant's testimony differed substantially from that of other witnesses, wherein he attempts to support his testimony as to self-defense and accidental killing. The evidence of the witness Martin Thompson to which the motion was directed was substantially the same as that related by the other witnesses, both for the state and defendant. The record does not disclose the names of the other witnesses who were present in the office of the county attorney at the time the witnesses reviewed their testimony and a complete record in support of this proposition is not presented.

Finally, it is contended that the verdict was the result of passion and prejudice and was so excessive as should shock the conscience of the court. This was an unfortunate tragedy which was a sequel to several hours of gambling and drinking. We have hereinabove stated that there was sufficient evidence to justify the court

submitting the issue of murder to the jury. With this conclusion established we certainly would not be justified in saying that the jury acted as if prompted by passion and prejudice when they found the defendant guilty of the lesser crime of manslaughter in the first degree, and fixed his punishment at 50 years imprisonment in the penitentiary. The punishment does not appear to us to be excessive.

The judgment and sentence of the district court of Oklahoma county is accordingly affirmed.

BRETT and POWELL, JJ., concur.