JASPER v. STATE.

No. A-11936.

Criminal Court of Appeals of Oklahoma.

April 7, 1954.

a gas pipe and stabbed him with a knife from which wound so inflicted the said Gee died August 15, 1950. Pursuant to the verdict of the jury, the defendant William Jasper was sentenced to serve a term of life imprisonment in the penitentiary and has appealed.

At the time the crime was alleged to have been committed, the deceased Gee, Clark, and the defendant Jasper were all inmates of the Oklahoma State Reformatory at Granite. Jasper was just completing the serving of a sentence and was being held for prosecution in Kay County for another offense. On August 14, 1950, which was the day following the alleged assault but the day preceding the death of Gee, Jasper was released to certain officers from Kay County and transported by them to Newkirk for trial there upon another felony charge. On the road to Newkirk and after his arrival at the county jail in Newkirk, Jasper detailed the facts surrounding the alleged killing of Gee to the Kay County officers.

The proof of the State, including the confession of the accused, showed that Gerald Lee Clark and Jasper had become close friends while they were confined in the reformatory. They decided upon a plan which they thought would enable Clark to escape from the institution. It was decided that the parties would kill Jack Gee and that Clark would have to be taken to Mangum for trial on the charge and that he would escape, and that as quickly as Jasper was released they would start the commission of a series of robberies. This fantastic plan further called for the stealing of an airplane to be used to make their getaway from the various robberies they proposed to commit. In accordance with this plan, they got the cellmate of the defendant Jasper to bring Jack Gee to the power plant at a fixed time on August 13, 1950. After Gee arrived at the plant, Clark hit him with the pipe several times, fracturing his skull. Gee grabbed at the pipe and Clark dropped the pipe and stabbed him twice in the chest with a knife that had been furnished to Clark by the defendant. This knife was a dagger-like weapon that had been made in the reformatory. During the beating inflicted upon Gee the defendant Jasper held his

Tittle & Tittle, Mangum, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

This prosecution was commenced in the District Court of Greer County by the filing of an information charging the defendant William Jasper and one Gerald Lee Clark with the crime of murder, allegedly committed on August 13, 1950. It was alleged that the accused beat one Jack D. Gee with

hand over Gee's mouth to prevent an outcry.

By way of defense, it was contended that Jasper, although present with Clark at the slaying, was entirely innocent of participating in any way in the affray that cost Gee his life. Gerald Lee Clark entered a plea of guilty in 1950 to the crime of murder and was sentenced to serve life imprisonment in the penitentiary. He was brought back from the penitentiary and testified as a witness for the defendant. In his testimony, he sought to assume all the blame for the homicide and stated that Jasper had nothing whatsoever to do with it and repudiated in detail a written statement which he had given to the Greer County officers shortly after the commission of the crime.

We shall consider the assignments of error in the order in which they were presented in the brief of the defendant. It is first contended that the court erred in permitting Warden Joe Harp to remain in the courtroom after the defendant had called for the rule and all other witnesses in the case had been excluded from the courtroom. Mr. Harp was warden of the reformatory at the time the crime was allegedly committed and he was excused from the application of the rule in order to enable him to assist the county attorney in the prosecution. This contention of the accused is based on the ground that the court had no authority to excuse any witness from the application of the rule.

In the case of Dean v. State, 51 Okl.Cr. 138, 300 P. 319, it was held:

"The exclusion of witnesses for the state, at defendant's request, is not an absolute right in all cases, but rests in the sound discretion of the trial court, and this includes the power to except one or more witnesses from the operation of the rule."

We find no abuse of discretion in this instance.

It is next contended that the trial court erred in the admission of certain evidence. It is first directed at the admission of State's Exhibit No. 4, which allegedly was the statement made by the defendant to the Kay County officers while he was in jail at Newkirk. At the time this alleged confession was offered in evidence objection was made to its competency and the court heard evidence in the absence of the jury. At the conclusion of the hearing, the trial court overruled the objection to the admissibility of the confession but allowed the evidence pertaining to its voluntariness to be again introduced before the jury and in the instructions the court submitted the issue of the voluntariness of the confession to the jury for their determination. We are fully convinced from the testimony of disinterested witnesses who were present at the time the confession was made that it was absolutely voluntary. A stenographer was called and took the confession in shorthand and later transcribed it. The defendant signed each page of the confession. The attack upon the confession principally is the fact that the accused was only 19 years of age at the time that he made the statement and he did not understand that any statement he might make could be used against him, and that he was incapable of waiving any constitutional rights he might have had. The defendant stated there was not any kind of a threat but that the sheriff gave him some fatherly advice that if he was innocent, he had better be telling how it happened so that the officers of Greer County would know what occurred.

The evidence as to admissibility in evidence of this confession meets the test laid down by this court in a number of cases. Williams v. State, 93 Okl.Cr. 260, 226 P.2d 989; Smith v. State, 77 Okl.Cr. 142, 140 P.2d 237; Sholes v. State, Okl.Cr., 260 P.2d 440; Fields v. State, 77 Okl.Cr. 1, 138 P.2d 124; Prather v. State, 76 Okl.Cr. 385, 137 P.2d 249.

It is contended that the court erred in admitting in evidence the confession of Gerald Lee Clark. Clark was called to testify on behalf of the defendant. To impeach him, the county attorney questioned him about a written statement he had given. Clark admitted giving the written statement, but sought to explain the difference between his testimony at the trial and the facts asserted in the written statement by saying that he was "now under oath". The court properly admitted the written statement of Clark in evidence for the purpose of impeaching him. Ward v. State, 92 Okl.Cr.

143, 222 P.2d 173; Ingram v. State, 87 Okl. Cr. 223, 196 P.2d 534.

It is contended that the trial court erred in admitting the testimony of the two nurses who cared for the deceased at the hospital at Mangum, for the reason that it was a violation of the confidential relationship which the nurses bore to the deceased.

It has been held that the statute making communications by patient to physician and knowledge obtained by him from examination incompetent applies to a nurse who hears communications or sees the examination. Williams v. State, 65 Okl.Cr. 336, 86 P.2d 1015; 12 O.S.1951 § 385. However, this is a privilege which may be waived by the patient and is certainly not a question that a third party, wholly disconnected with the physician and patient, may raise. The relationship of physician and patient not existing between the defendant Jasper and the physician and nurses who testified in the case, he is not in a position to object to such evidence on the ground that it was a privileged communication.

There is no merit at all to the contention that the evidence of Warden Harp and deputy Warden Rains should have been excluded.

It is alleged that the trial court erred in permitting the county attorney to question the defendant concerning his former convictions. It has been repeatedly held that where the defendant takes the witness stand he is subject to cross examination the same as any other witness, and for the purpose of affecting his credibility he may be asked concerning his prior convictions of crime. Chambless v. State, 90 Okl.Cr. 423, 214 P.2d 947; Woolridge v. State, 93 Okl.Cr. 245, 225 P.2d 1028; Wheatley v. State, 77 Okl.Cr. 122, 139 P.2d 809; Storer v. State, 84 Okl.Cr. 176, 180 P.2d 202. This same rule applies to the cross examination of the witness Gerald Lee Clark relative to his former convictions. However, the county attorney should not have asked Clark concerning the alleged commission of crimes where there had been no conviction. But no objection was made to this particular cross examination.

The last assignment of error is directed at the refusal of the court to give certain instructions which were requested by the accused. The first requested instruction pertained to the alleged weight to be given to confessions. This requested instruction did not correctly state the law. We find the court in instructions numbers 12 and 14 fully submitted to the jury the law concerning the issue pertaining to the alleged confessions.

Requested instruction No. 2 was prepared in accordance with the defendant's contention that the cause of the death of Gee was not the blows which he received nor the knife wounds, but that the delay in transportation of the deceased to the hospital resulted in his becoming much worse and brought on his death. In Pitts v. State, 53 Okl.Cr. 165, 8 P.2d 78, the correct rule is laid down as follows:

"Where the evidence discloses that two or more wounds were inflicted upon the deceased, the test as to the guilt of the person inflicting the first wound in such case is whether, when death occurred, the first wound contributed to the event. If it did, although other independent causes also contributed, the causal relation between the unlawful acts of the accused and the death is made out. If the life current went out from both wounds, so that at the very instant of death the first wound was contributing to the event, the one who inflicted it is criminally responsible."

We find that the trial court in instruction No. 13 correctly submitted this issue to the jury for their determination of the cause of the death of the deceased. The third and sixth requested instructions of the accused are simply variations of the second requested instruction and what we have hereinabove said also applies to those requested instructions.

In the defendant's fourth and fifth requested instructions, counsel for the accused sought instructions that the jury "must have a fixed and abiding conviction that he is guilty as charged and must not entertain in your minds any doubt." The trial court correctly instructed the jury that the burden of proof was upon the State to prove the guilt of the defendant and each and every material element of the offense

beyond a reasonable doubt. That was all that was necessary, and requested instructions 4 and 5 were not in accordance with the law.

It is contended that the sentence was too severe. The evidence of the State showed a cold-blooded plan to ruthlessly murder their victim. It acutely demonstrates the hardened attitude on the part of some of our young criminals and the cheap regard in which they hold human life. Although the defendant William Jasper did not actually strike the blows nor inflict the knife wounds that caused the death of Jack Gee, he did enter into the plot to kill him, furnished the knife, and held his hand over the victim's mouth to prevent an outcry. Under the law, all persons in Oklahoma who aid and abet in the commission of a crime are guilty as principals. Title 21 O.S.1951 § 172.

With the defendant's criminal background and the story of the killing as related by him to various people, we can find no justification in the record for modifying the sentence which was imposed.

The judgment and sentence of the District Court of Greer County is accordingly affirmed.

POWELL, P. J., and BRETT, J., concur.