Joe Mack **HOOPER**, Plaintiff in Error,

v.

**STATE** of Oklahoma, Defendant in Error.

No. A–12808.

Court of Criminal Appeals of Oklahoma.

Dec. 30, 1959.

James Ivy, Waurika, Walter Hubbell, Walters, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Joe Mack Hooper, defendant below, was charged by information in the County Court of Stephens County, Oklahoma, with the offense of reckless driving allegedly committed on September 7, 1958. He was arraigned and entered a plea of not guilty. Thereafter, with the permission of the court, he withdrew his plea and interposed a demurrer on the ground of duplicity of the information and that the information did not state a public offense, which was overruled on both grounds. He was thereafter tried by a jury, convicted, and his punishment fixed at a fine of $25. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The decisive issue presented is defendant's contention that the trial court

erred in not sustaining his demurrer to the information as being duplicitous. The charging part of the information reads:

"(The defendant) did then and there wilfully, wrongfully and unlawfully drive and operate a 1956 Dodge Sedan bearing 1958 Oklahoma license No. 66–2571, in a reckless and wanton manner without regard for the safety of persons or property in that he did on U. S. Highway No. 81, at a point five miles south of Duncan, Stephens County, Oklahoma, come up behind a group of vehicles that were following a vehicle moving approximately 35 miles per hour and applied his brakes in such a manner as to cause a loud, screeching noise, and cause his vehicle to turn partly sideways and skid down the highway; then at a point approximately 2.8 miles south of Duncan, Stephens County, Oklahoma, on U. S. Highway No. 81 the defendant passed four cars of this group of vehicles traveling at approximately 35 miles per hour in the face of oncoming traffic, running a car approaching from the north off on the shoulder of the roadway; then the defendant proceeded north on U. S. Highway No. 81 to a point approximately one mile south of Duncan, Stephens County, Oklahoma, where he passed two cars in the face of oncoming traffic, causing the vehicle coming from the north to run completely off of the roadway on to the shoulder with two wheels into the bar ditch * * *."

22 O.S.1951 § 504 provides:

"The defendant may demur to the indictment or information when it appears upon the face thereof either:
* * *

"3. That more than one offense is charged in the indictment or information."

Thus, an information charging more than one offense is demurrable as duplicitous. Hagerty v. State, 22 Okl.Cr. 136, 210 P. 300.

The defendant contends the information charges three distinct offenses, each complete in itself; one occurring five miles south of Duncan, Oklahoma, one occurring 2.8 miles south of Duncan, Oklahoma, and one occurring one mile south of Duncan, Oklahoma. 47 O.S.Supp. § 121.3(k) defines reckless driving thusly:

"It shall be deemed reckless driving for any person to drive a motor vehicle in a careless or wanton manner without regard to the safety of persons or property * * *."

Under this definition, the information did not charge one offense with further allegations as to the manner in which the offense was committed, as the Attorney General contends, but rather three separate and distinct offenses upon which three separate and distinct charges could be predicated.

We conclude the trial court erred in failing to sustain the defendant's demurrer to the information as being duplicitous. The judgment and sentence is accordingly reversed and the cause remanded to the trial court for proceedings consistent with the opinions herein expressed.

POWELL, P. J., and NIX, J., concur.