514 P.2d 306

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Larry KIJOWSKI, Defendant-Appellant.**

**No. 1126.**

Court of Appeals of New Mexico.

Aug. 29, 1973.

■■■■■■■■■■■■■■■■■■■■■

———◆———

Dale B. Dilts, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Dee C. Blythe, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of burglary. Section 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6). There are two issues: (1) permitting a witness to testify after the witness violated the court's order not to discuss the case and (2) instructing the jury concerning a confession.

*Permitting witness to testify after the witness violated court's order not to discuss the case.*

■ The rule for exclusion of witnesses from the courtroom was invoked. In so advising the witnesses, the trial court stated: "* * * While you are outside the Courtroom, don't talk to anyone about the case except the attorneys. * * *" The witness Souder, in denying that she had discussed the case with other witnesses prior to testifying, admitted discussing whether defendant "* * * was the person, his hair was cut and stuff like that." She was permitted to testify over defendant's objection. Souder's testimony did not positively identify defendant as the person she saw near the victim's house. She said: "I think so. I am not sure. His hair was long, and he had a beard." At another point, she said: "I can't tell."

Defendant claims the court erred in permitting Souder to testify. We disagree.

■ The exclusion of witnesses from the courtroom is a matter within the discretion of the trial court. State v. Romero, 69 N.M. 187, 365 P.2d 58 (1961); State v. Carrillo, 82 N.M. 257, 479 P.2d 537 (Ct. App.1970). Permitting a witness to testify who has remained in the courtroom in violation of the exclusion rule is also within the court's discretion. State v. Warner, 83 N.M. 642, 495 P.2d 1089 (Ct.App.1972).

Similarly, permitting a witness to testify who has violated the court's instruction not to discuss the case with other than the attorneys is within the trial court's discretion. Easley v. United States, 261 F.2d 276 (5th Cir. 1958); Ward v. State, 15 Ala.App. 174, 72 So. 754 (1916); Bulliner et al v. People, 95 Ill. 394 (1880); State v. Kelly, 237 La. 991, 112 So.2d 687 (1959); Woolridge v. State, 93 Okl.Cr. 245, 225 P. 2d 1028 (1950).

Here, there is nothing showing an abuse of discretion; rather, the equivocal nature of Souder's testimony negates abuse.

*Instructing the jury concerning a confession.*

■ The jury was instructed as to how it was to consider a confession. There is no issue as to the contents of the instruction. Defendant claims the instruction should not have been given because "* * * there is no confession before the Jury in this case. * * *"

A written confession was excluded by the trial court. However, evidence was admitted as to oral statements made by defendant. Defendant claims these statements were admissions against interest, but do not amount to a confession.

Defendant's oral statements, according to the evidence, were that he had broken into the house; that he pointed in the direction of the victim's house; that he had returned some of the items to the owner (the victim). "* * * [H]e said he broke a window, that he went inside and picked up some wine which he drank already and a stereo, and he said he walked out the door." There is nothing indicating these statements were other than voluntary and nothing indicating a lack of advice as to defendant's constitutional rights.

The foregoing statements contain more than the statements held to be admissions in State v. Victorian, 84 N.M. 491, 505 P.

2d 436 (1973) and State v. Reid, 79 N.M. 213, 441 P.2d 742 (1968). State v. Lucero, 70 N.M. 268, 372 P.2d 837 (1962) states that a confession is an acknowledgment of guilt in express terms. In holding that statements, similar to those in this case, were properly admitted, *Lucero,* supra, held they were admissions, but not a confession. *Lucero,* supra, did not involve the propriety of an instruction informing the jury as to how it was to consider a confession.

Defendant claims the confession instruction should not have been given because his statements contain nothing concerning his authority to enter the house or his intent when he entered. However, inferences from his statements cover these items. He " 'broke into' " the house, "broke a window," took some wine and a stereo, and returned the stereo to the "owner."

We hold that defendant's statements in this case, freely and voluntarily admitting a forced entry into another's house and the taking of another's property, are sufficiently close to an express acknowledgment of guilt that the trial court did not err in giving the confession instruction. State v. Cunningkin, 261 S.W.2d 85 (Mo.1953); Fouse v. State, 83 Neb. 258, 119 N.W. 478 (1909).

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.