Pamela Dee HUTCHESON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–573.

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1985.

William J. Musseman, Musseman, Guy & Wilkerson, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

The appellant, Pamela Dee Hutcheson, was charged with, tried for, and convicted of Second Degree Rape by Instrumentation, pursuant to 21 O.S.1981, § 1111.1, in the Tulsa County District Court, Case No. CRF–82–3121. Punishment of fifteen (15) years imprisonment was imposed. We affirm the judgment and sentence of the District Court.

On August 23, 1982, twenty-one year-old M.G. was forced by her two roommates to accompany them to appellant's home. Appellant accused M.G. of stealing $100 from her, and began to beat M.G. Eventually joined by appellant's husband, the women subjected M.G. to numerous atrocities over the evening, including vaginal and anal rape with a table leg, broomstick and long neck beer bottle.

When M.G. finally admitted taking the money, she was allowed to sleep and return home. M.G. informed her mother what had occurred, and was transported to a hospital. Scientific evidence gathered by police corroborated M.G.'s story.

In her first assignment of error, appellant claims she was prejudiced when the State improperly commented on her right to remain silent. We cannot agree with appellant's argument.

Appellant's claim arises from the prosecutor's opening statement that defense "has a choice of either ... presenting their opening statement directly after mine or they can reserve it and present it later on through the course of this trial. So you will be hearing opening statements from both sides." Appellant claims this statement was prejudicial, as appellant never testified or offered defense evidence at trial.

■ We have held that unless prosecutorial comments are of such a nature that the jury would naturally construe them to be directed at the failure of the defendant to testify, they will not be treated as prejudicial error. See Hays v. State, 617 P.2d 223 (Okl.Cr.1980). See also Bernard v. State, 538 P.2d 1109 (Okl.Cr.1975). We believe this rule is applicable to appellant's argument. We accordingly find this assignment of error is without merit.

■ Appellant next claims she was subjected to an evidentiary harpoon during the testimony of Corporal Fred Parke of the Tulsa Police Department.[1] However, the record reflects the trial court sustained an objection to this remark, and properly admonished the jury. In Kitchens v. State, 513 P.2d 1300, 1304 (Okl.Cr.1973), we stated:

[T]he court's admonition to the jury not to consider the remarks of counsel, or a

1. Appellant complains of the following testimony:
Q. Okay, Did she tell you what her relationship was or did she have a relationship prior to the 24th of August 1982 with any of these people?

A. She was acquainted with Pam, she had purchased some narcotics from her. Um, the Duncan and Kelly—

witness usually cures an error unless it is of such a nature after considering the evidence that the error appears to have determined the verdict. . . .

We have reviewed the record in this case and cannot say this comment affected the verdict considering the vicious manner by which this case was committed. We accordingly reject this assignment of error.

For the above and foregoing reasons, the judgment and sentence of the District Court is AFFIRMED.

PARKS, P.J. and BUSSEY, J., concur.