Riley Wilson **ROBERTS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. **M–84–150.**

Court of Criminal Appeals of Oklahoma.

March 11, 1986.

As Corrected March 20, 1986.

**484**

John Sprowls, Pauls Valley, for appellant.

Michael C. Turpen, Atty. Gen., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Riley Wilson Roberts, was convicted in the District Court of Garvin County, Case No. CRM–83–352, of Carrying a Firearm While Under the Influence of Intoxicating Liquor, Pointing a Deadly Weapon, and Driving While Under the Influence of Intoxicating Liquor; he received sentences of $100.00 plus court costs, $100.00 plus court costs and ten months in the county jail, which sentence was suspended; and $100.00 plus court costs and ten days in the county jail, respectively, and he appeals. (He was acquitted of Recklessly Handling a Firearm.)

The facts, briefly stated, are that in the early morning of July 21, 1983, three young men encountered the appellant four times. First, on a dirt road near Stratford where they were sitting on the tailgate of their pickup, talking, when the appellant drove up behind them, ordered them off the road, fired shots, said his name was Robert O'Riley, and fired another shot, at which time the young men left the scene. The second time, they drove to the appellant's house to see if Robert O'Riley was actually Riley Roberts, a police officer on leave of absence. Shots were also fired there. The third time, while back in Stratford to find a police officer and report the incident, they saw the appellant in a church parking lot. After pulling into the lot to talk with him, they left when he pointed his pistol at

them. The final encounter came at Peach Tree Junction convenience store where one of the young men had been dropped off to call the police. As the other two drove past the front of the store, the appellant, who had stopped there to get gasoline, pointed his pistol at them again. This encounter ended when one of the young men struggled with the appellant over a shotgun from the appellant's pickup truck which he had left when he went into the store to pay for his gasoline. A police officer, who had been called to the scene by the convenience store clerk, stopped the struggle and arrested the appellant. However, one of the young men got in a final blow, after the appellant was handcuffed, apparently knocking him unconscious.

All of the State's witnesses testified to the strong smell of alcohol on the person of the appellant. The convenience store clerk and a customer testified that the appellant got the clerk's attention when he pulled into the gasoline pumps with weeds hanging from the bumpers of his pickup and a pistol in his cut-off shorts. They both observed him point the pistol at the young men. When he came into the store to pay for the gasoline, they testified that he had to feel his way into the building, staggered, knocked over some newspaper racks, threw the money on the counter and ran out. They both testified that they could smell alcohol on his breath, his eyes were bloodshot and glazed over, and both concluded that he was intoxicated, which was also the conclusion of the two officers who arrived at the scene.

The appellant testified that he fired shots on the dirt road because the young men were blocking a bridge and when he asked them to move their pickup, they threatened him. He further testified they again threatened him at his home where he again fired shots, but that when he went to Stratford to look for a police officer, he did not point his pistol at them as he was accused of doing.

The appellant complains that the evidence was circumstantial and not such as to exclude every reasonable hypothesis ex-

cept that of guilt, which is the test the law requires when proof is based wholly on circumstantial evidence. *Hager v. State,* 612 P.2d 1369 (Okl.Cr.1980). He alleges that his inability to walk, loss of coordination, and slurred speech were all caused by his loss of consciousness. The record does not support this contention but to the contrary the appellant's intoxication had been observed prior to his being arrested and rendered unconscious.

When the sufficiency of the evidence presented at trial is challenged on appeal, the proper test is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985).

Further, the appellant is incorrect to characterize the evidence as wholly circumstantial.

> Circumstantial evidence, as distinguished from direct evidence, is testimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved.

*Aday v. State,* 28 Okl.Cr. 201, 230 P. 280, 281 (1924).

> The proof of the fact of intoxication or sobriety does not require special knowledge, and need not be made by expert testimony. The witness by whom the proof is sought to be made may describe the facts and circumstances which led to his conclusion, or he may simply state the fact of intoxication or sobriety.

*Britton v. State,* 467 P.2d 527, 528 (Okl.Cr. 1970).

The State's witnesses testified to both their observations and to their conclusions and to the facts and circumstances which led to those conclusions. Therefore, there is direct evidence on the facts in controversy, that is, the issues of intoxication and pointing a deadly weapon.

As the evidence was not wholly circumstantial, the appellant's assignment of error is without merit. We find that the evidence presented by the State was sufficient to support the verdict of the jury.

The judgments and sentences appealed from are **AFFIRMED.**

PARKS, P.J., and BRETT, J., concur.