**Kevin WALKER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–85–564.**

Court of Criminal Appeals of Oklahoma.

June 4, 1987.

Gloyd L. McCoy, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Appellant, Kevin Walker, was convicted in Muskogee County District Court Case No. CRF–84–491. He was charged with the offense of Burglary of an Automobile, After Former Conviction of a Felony. He was tried by a jury, found guilty and was sentenced to serve twelve and one-half (12½) years imprisonment and appeals.

On November 1, 1984, Tracy Bea Bryson entered the Okies House Shoe Store in Curt's Mall in Muskogee, Oklahoma, to deliver a lunch to her cousin, Melody Crum. She had parked her car in front of the store. Two men entered the store, one of whom was appellant. The two men engaged the two women in conversation about tennis shoes. Tracy Bryson had left her purse in her automobile when she entered the store. During the conversation, which lasted about fifteen minutes, the parties moved toward the front of the store and the second man, a Mr. Campbell, left the store. When appellant left the store, Ms. Bryson realized that the two men had purposely diverted the women's attention, and she realized her purse was left in the unlocked car. Ms. Bryson saw appellant join Campbell next to her car, so she left the store pursuing the two men. When she caught up with them, she said, "I know you got my purse, give it to me." Campbell replied, "Girl, I don't know what you're talking about," but by that time she saw the handle of her purse protruding from Campbell's jacket.

At that moment, appellant said to Campbell, "Give me the keys, man." Campbell threw the keys to appellant while Ms. Bryson continued to pursue Campbell. Appellant soon arrived in the automobile, and Campbell entered the vehicle and departed with appellant driving.

Ms. Bryson noted the description of the car and obtained the license number. She and her cousin telephoned the police. The police traced the automobile by its license number to Immogene Fennell, who informed the police that she had loaned her automobile to Campbell and appellant. Appellant was arrested that evening and was taken to the police station, where he was identified by both ladies. Appellant presented no witnesses at his trial.

In this appeal, appellant offers three assignments of error. He first asserts there is not sufficient evidence to support the conviction; second, that the judgment against appellant should be modified to exclude the imposition of the court costs; and third, that appellant's sentence should be modified because improper reference was made to the former conviction. In that former conviction, appellant was convicted on May 20, 1982, in Tulsa County District Court Case Number CRF–81–4565, on a two count information. The first count was for Robbery With a Firearm, and the second count was Assault and Battery With a Dangerous Weapon. He was sentenced to serve ten years on count one and

five years on count two, with the provision that the sentences run concurrently.

■ Considering the third assignment of error first, this Court finds that the two count information alleges two offenses for which appellant was subject to punishment on both. In his brief, appellant asserts that since the two offenses occurred in the same incident, that it was error for them to be considered at the same time. However, both counts were included in the same information, so it was not error to allow both to go before a jury. Also, the court instructed the jury that appellant had one former conviction. The jury found appellant guilty of only one former conviction, so any error that might have occurred is harmless. 21 O.S.1981, § 51(A)(1). Appellant was sentenced within the limits of the statute in which the minimum sentence is set at ten years imprisonment. *See Porter v. State*, 674 P.2d 558, 560 (Okl.Cr.1984). In addition, appellant offered no objections to the imposition of sentence and has waived this error.

Considering appellant's first assignment of error, he asserts that the State failed to prove that he aided in the commission of the burglary. He further contends that he was merely associated with Campbell and was not an accomplice. This Court held in *Spuehler v. State*, 709 P.2d 202, 203 (Okl. Cr.1985), citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), that due process requires a reviewing court to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.

In *Lipe v. State*, 716 P.2d 700, 704 (Okl. Cr.1986), this Court held:

In Oklahoma, the law is well settled as to the liability of aiders and abettors. Principals are defined, in 21 O.S.1981, § 172 as "[a]ll persons concerned in the commission of [a] crime, whether it be [a] felony or misdemeanor, and whether they directly commit the act constituting the offense or *aid and abet in its commission . . . ."* [Emphasis added] *See*

*generally Stanberry v. State*, 637 P.2d 892 (Okl.Cr.1981); *Jasper v. State*, 269 P.2d 375 (Okl.Cr.1954). It is also well settled that an allegation, implicating that the accused aided and abetted in the crime, requires the State to show that the accused procurred the commission of the crime, or aided, assisted, abetted, advised, or encouraged its commission. The mere presence at or acquiesence of a crime, without participation, does not constitute a crime. *Hindman v. State*, 647 P.2d 456 (Okl.Cr.1982); *Morrison v. State*, 518 P.2d 1279 (Okl.Cr.1974).

■ In the instant case, appellant held the attention of Ms. Crum and Ms. Bryson by stalling inside the store and asking questions so that Campbell could actually go to the car and commit the burglary. Appellant made no attempts to disassociate himself from Campbell or Campbell's act while being pursued by Ms. Bryson. Appellant asked Campbell for the car keys, obtained the car and pulled up so Campbell could get into the vehicle. Considering the facts of this case, there can be no doubt but that appellant was an aider and abettor to Campbell in the commission of this burglary. In his brief, appellant cites this Court's case *Jackson v. State*, 403 P.2d 518 (Okl.Cr.1965), in an effort to support his position. *Jackson* is inapposite to this case, and we will not distort the facts to make it applicable.

This Court held in *Roberts v. State*, 715 P.2d 483, 485 (Okl.Cr.1986) the following with reference to direct and circumstantial evidence:

Circumstantial evidence, as distinguished from direct evidence, is testimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved.

. . . .

The State witnesses testified to both their observations and to their conclusions and to the facts and circumstances which led to those conclusions. Therefore, there is direct evidence on the facts in controversy . . . .

As in *Roberts,* this appellant was convicted on both direct and circumstantial evidence. He was identified by both women. Ms. Bryson pursued both men and saw her purse handle protruding from Campbell's jacket. She observed Campbell toss the car keys to appellant; and she saw appellant pick up Campbell in the car and drive away. More direct evidence was available to sustain this connection than was circumstantial evidence. The evidence against appellant was quite clear that he was an aider and abettor to the commission of the crime. This assignment of error is without merit.

In the second assignment, appellant's contention that he should be relieved of the imposition of court costs, this contention is completely without merit. The costs were imposed by the trial court in accordance with the provisions of 28 O.S. 1981, § 101. Also, this Court held in *Jones v. State,* 682 P.2d 757 (Okl.Cr.1984), that an indigent defendant's similar complaint concerning the assessment made to the victim's compensation fund was without merit; and, that he was premature in making the complaint because the assessment is not due until the appellant is released from custody. The same is true concerning court costs as in this case. Therefore, appellant's second assignment is found to be without merit.

After considering the record and briefs, this Court is of the opinion the judgment and sentence imposed on appellant should be, and the same is therefore, AFFIRMED.

BUSSEY, J., concurs in results.

PARKS, J., concurs.