Gilbert Ray PARKS, Bennie J. Wright, and Toni R. McBath, Appellants,

v.

STATE of Oklahoma, Appellee.

No. F-85-277.

Court of Criminal Appeals of Oklahoma.

Nov. 20, 1987.

David Autry, Asst. Appellate Public Defender, Norman, for appellants.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., William S. Newberry, Jr., Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellants, Gilbert Ray Parks, Bennie J. Wright, and Toni R. McBath, were convicted in the District Court of Muskogee County, Case No. CRF–84–83, of Burglary Second Degree, and each was sentenced to five years' imprisonment, and they appeal.

On March 5, 1984, at about 4:00 p.m. in Muskogee, the three appellants were observed walking around an unoccupied house at 515 Park Avenue. Donna Howerton, the eyewitness, testified that the back of her apartment lies on Park Avenue and she observed three men and a blue and white Dodge, which was sitting in front of the house. About an hour later she again observed the car. One of the men was bringing a commode out of 517 Park Avenue, another unoccupied house. She then called the police, but before they could arrive, the three men left with the commode and a sink. About 7:00 p.m. Mrs. Howerton observed the car again at 515 Park Avenue. The three men she had observed earlier were trying to get into that house. After calling the police again, the appellants were arrested coming out of 515 Park Avenue. Mrs. Howerton positively identified the three appellants as the men she had seen all three times on that day.

The owner of the house testified that he was in the process of renovating the house, and that a new sink, a new commode, three new doors, and five window screens were missing.

The appellants testified that they were looking for an apartment on that day, that they had entered 515 Park Avenue to visit a cousin of appellant McBath, but finding the house empty, went in to look around because appellant Parks claimed he was interested in renting it.

In their first assignment of error the appellants claim that the prosecutor improperly elicted evidence of another crime and the trial court failed to admonish the jury to disregard it. The prosecution's witness, Mrs. Howerton, testified that she observed the same three men whom she had seen earlier, come back and go to 515 Park Avenue, which is next door to the house the appellants were charged with burglarizing. She stated that the appellants, "were trying to get in the front door, which had been padlocked." She then described how the door at 517 Park Avenue

(the house which the appellants were charged with burglarizing) was wired shut. Then she testified, "And they were trying to get into 515 this third time."

The record reveals that the prosecutor interrupted the witness when she appeared to begin to develop other crime evidence. At that time defense counsel objected and moved for a mistrial on that ground. The trial court ruled that there had been no testimony that would show another crime. However, Officer Kucera later testified that he arrested the appellants after they came out of 515 Park Avenue. Although Howerton's testimony was not enough to establish that another crime had been committed, it was enough, with the testimony of Officer Kucera, for the jury to infer that the house had been forcibly entered. Nevertheless, we find no error for two reasons. First, this evidence was clearly a part of the entire transaction, shows why Mrs. Howerton called the police a second time, and aided in the identification of appellants. Second, the record clearly reveals that the prosecution did not intend to present evidence of another crime and therefore *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979) (to which this writer dissented) would not apply. *Burks* requires written notice within ten days before the trial, or at a pretrial hearing, whichever occurs first, of the other offenses the State *intends* to show. *Burks*, 594 P.2d at 774. Finding no error, this assignment of error is meritless.

■ Appellant Wright presents as a separate assignment of error, his contention that the trial judge incorrectly admitted evidence against him of a misdemeanor conviction during his cross-examination by the prosecutor. The prosecutor asked the appellant if he was the same person who pled guilty to the offense of Breaking and Entering. The appellant's attorney objected on the ground that the offense did not involve moral turpitude, and therefore was not admissible for impeachment purposes. During argument before the court, the judge stated that Breaking and Entering would be a crime involving dishonesty. The statute to which the trial court alludes

is 12 O.S.1981, § 2609(A)(1), which allows evidence of conviction of a crime to attack the credibility of a witness if the crime, "Involved dishonesty or false statement, regardless of the punishment." The appellant cites *Kennedy v. State*, 640 P.2d 971 (Okl.Cr.1982) as authority to support his contention. *Kennedy* is distinguishable because the misdemeanor involved was trespassing, and we held that such crime did not involve dishonesty or false statement. Although the appellant attempts to compare trespassing to breaking and entering, the latter crime requires the intent to commit a felony, larceny, or malicious mischief, and can certainly be characterized as dishonest. *See* 21 O.S.1981, § 1438.

The appellant, Wright, further argues that the prosecutor improperly used this evidence during closing argument. However, as no objection was made, the appellant has waived this issue for review. *Tahdooahnippah v. State*, 610 P.2d 808 (Okl. Cr.1980).

■ In their second assignment of error the appellants allege that an evidentiary harpoon from Officer Kucera violated their right to a fair trial. When the officer was asked on direct examination what happened after he asked the appellants for identification, Kucera stated that he had detected a strong odor of alcohol on their breath, that their speech was slurred, and that they had trouble standing. He was then interrupted by an objection which the trial court sustained, and a motion for mistrial which the trial court overruled. The court then admonished the jury to disregard the statements the officer made regarding the condition of the appellants. The court's admonition not to consider the remarks of a witness usually cures an error unless it is of such nature after considering the evidence that it appears to have determined the verdict. *Hutcheson v. State* 695 P.2d 870 (Okl.Cr.1985). We find that this remark did not determine the verdict.

■ The next two assignments of error concern jury instructions. In the first, the appellants argue that the trial court committed fundamental error by failing to in-

struct what a principal to an offense is or what constitutes aiding and abetting. The appellants failed to request such an instruction. Accordingly, the appellants have failed to properly preserve this issue for appeal. *Phipps v. State,* 572 P.2d 588 (Okl.Cr.1977).

 In the second assignment of error the appellant Parks argues that the trial court erred in failing to give an instruction on circumstantial evidence. However, again the appellant failed to request such an instruction. We wish to add that not all of the evidence was circumstantial as alleged by appellant Parks. The testimony by the eyewitness asserted actual knowledge of the entry into the house by all of the appellants, and she saw the appellants bring out the commode and a sink. Where evidence is both direct and circumstantial, giving an instruction on circumstantial evidence is not necessary. *Burroughs v. State,* 528 P.2d 714 (Okl.Cr.1974). Having reviewed the instructions given we find that they sufficiently state the applicable law.

The appellants next complain of prosecutorial remarks during closing argument. However, neither defense counsel for Wright, nor counsel for Parks and McBath objected to any of the remarks now alleged to be improper. The appellants thereby failed to preserve this issue for review. *Thomson v. State,* 676 P.2d 857 (Okl.Cr. 1984).

Finally, appellant Parks maintains that the evidence was insufficient to sustain his conviction. The test for sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Roberts v. State,* 715 P.2d 483 (Okl.Cr.1986). The eyewitness saw all of the appellants at the scene of the crime three separate times. During that time she saw the other two appellants bringing items from the residence in question. Title 21 O.S.1981, § 172 provides, "[a]ll persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, ... are principals." Sufficient evidence was presented that the appellant was a principal in this offense, and his assignment of error has no merit.

The judgments and sentences are AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.