**Raymond Eugene PORTER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–588.**

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1985.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Raymond Eugene Porter, appeals from his conviction in the District Court of Muskogee County, Case No. CRF–83–655, where in accordance with the jury's verdict, he was sentenced pursuant to the terms of the Nonviolent Intermediate Of-

# 541

fenders Act, 22 O.S.Supp.1984, § 995 et seq., for the crime of Second Degree Burglary, After Former Conviction of Two Felonies.

The appellant raises three assignments of error, however, our decision in the first assignment of error is dispositive of this appeal.

The appellant complains that the trial court erred in allowing the State to impeach the credibility of the sole defense witness, by asking questions that were not probative of truthfulness or untruthfulness, in violation of 12 O.S.1981, § 2608(B), and which were more prejudicial than probative, in violation of 12 O.S.1981, § 2403. We agree.

This Court has consistently held that mere accusations of criminal activity or arrest and charges not amounting to convictions are not available for introduction by the prosecution. *Brown v. State*, 487 P.2d 963 (Okl.Cr.1971). In this case, the prosecution had no cause to question the defense witness about his involvement in the theft of a television when no charge or conviction was had against him. Since the prejudicial effect of the evidence presented substantially outweighs any probative value that it may have had, we are of the opinion that the judgment and sentence appealed from should be, and the same hereby is REVERSED and REMANDED for a new trial.

PARKS, P.J., and BRETT, J., concur.