Craig William **CLINE**, Appellant,

v.

**STATE** of Oklahoma, Appellee.

No. F–88–251.

Court of Criminal Appeals of Oklahoma.

Oct. 19, 1989.

Rehearing Denied Dec. 5, 1989.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

Cindy Foley, Asst. Public Defender, Oklahoma City, for appellant.

## OPINION

LANE, Vice Presiding Judge:

Craig William Cline, Appellant was tried by jury for the crime of Child Beating, After Former Conviction of Two or More Felonies (21 O.S.1981, § 843) in Oklahoma County District Court Case No. CRF–87–3848. The jury found Appellant guilty and set punishment at twenty (20) years imprisonment. The trial court sentenced Appellant accordingly.

When her mother brought eighteen-month-old A.M. to the Midwest City Hospital, the baby's top lip was split open and swollen to the point of resembling a duck's bill. Her face and legs were covered with bruises, her buttocks were blackened by bruises and she had nine strap marks on her back. Hospital authorities contacted the Oklahoma Department of Human Services to report this case of suspected child abuse. At trial, DHS employee, Jacklyn Hill, testified the Appellant told her, "Well, I messed up and I don't want her (A.M.'s mother) to get into trouble for what I've done." [Tr.I, 45] Hill also testified that Appellant told her that he "gave her (A.M.) another—some more swats with a belt." [Tr.I, 46] Evidence established A.M.'s mother lived with Appellant and Appellant baby-sat A.M. and her brother during the time A.M. was injured. Appellant testified he left A.M. and her brother with neighbors, Lynn and Todd, during this time as well. Lynn and Todd had left Oklahoma shortly after A.M. was injured. A report

written by A.M.'s treating physician stated A.M.'s mother told him A.M. received her lip injury when she fell out of the car; and that in his opinion A.M.'s injury could not have occurred in this manner. Appellant testified that he spanked A.M. several times when she refused to pick up her toys.

■ Appellant argues in his first proposition of error that the trial court erred by denying his motion in limine through which he sought to exclude evidence of his former convictions. Appellant did not object to the introduction of this evidence at trial. We have repeatedly held that a motion in limine is merely advisory and that in order to properly preserve objections to the introduction of evidence which is the subject of the motion in limine, objection must be made at the time the evidence is sought to be introduced. *See e.g. Teegarden v. State*, 563 P.2d 660 (Okl.Cr.1977); *Nealy v. State*, 636 P.2d 378 (Okl.Cr.1981). Appellant has, thus, waived all but fundamental error.

Appellant pled guilty to hindering law enforcement in 1980, and received a deferred sentence. He was convicted of Theft of Interstate Shipment in 1982 and Theft of Property in 1984. He relies on *Croney v. State*, 748 P.2d 34 (Okl.Cr.1987) to argue these are not crimes involving dishonesty and therefore, are inadmissible for the purpose of impeachment under 12 O.S.1981, § 2609. Appellant's argument belies a fundamental misunderstanding of the distinct categories of evidence encompassed by 12 O.S.1981, § 2609 and the test of admissability applicable to each category.

Conviction of a crime involving dishonesty or false statement is admissible under 12 O.S.1981, § 2609(A)(1) regardless of punishment and without balancing of probative value and prejudicial effect by the trial court. This Court recently articulated the breadth of this category by explaining:

In common human experience acts of deceit, fraud, cheating, or stealing for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity. Acts of violence on the other hand.... generally have little or no direct bearing on honesty and veracity.

*Robinson v. State*, 743 P.2d 1088, 1091 (Okl.Cr.1987), *citing Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir.1967), *cert. denied*, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

We have previously held that crimes involving dishonesty or false statement include forgery, *Dunford v. State*, 614 P.2d 1115 (Okl.Cr.1980); petit larceny, *Kennedy v. State*, 640 P.2d 971 (Okl.Cr.1982); larceny, *Mason v. State*, 756 P.2d 612 (Okl.Cr. 1988); and breaking and entering, *Parks v. State*, 746 P.2d 200 (Okl.Cr.1987). We have also found that crimes which do not involve dishonesty and false statement and which therefore, are inadmissible under § 2609(A)(1) include trespass, *Kennedy v. State*, 640 P.2d 971 (Okl.Cr.1982); DUI, *Watkins v. State*, 717 P.2d 1159 (Okl.Cr. 1986); and manslaughter, *Mason v. State*, 756 P.2d 612 (Okl.Cr.1988).

Felony convictions are admissible for impeachment under § 2609(A)(2) if two conditions are satisfied: (1) the conviction or the release of the witness from confinement is less than ten (10) years prior to the time at which admission of that conviction is sought, and (2) the trial court determines that the probative value of the evidence outweighs its prejudicial effect to the detriment of the defendant. 12 O.S.1981, § 2609(A)(2). While the trial court has wide latitude of discretion in determining admissibility of this evidence, *Johnson v. State*, 761 P.2d 484 (Okl.Cr.1988), its discretion is limited by guidelines set forth by this Court in *Robinson v. State*, 743 P.2d 1088 (Okl.Cr.1987). To balance probative value against prejudicial effect the trial court should consider:

1. The impeachment value of the prior crime;

2. The point in time of the conviction and the witness' subsequent history;

3. The similarity between the past crime and the charged crime;

4. The importance of the defendant's testimony; and

5. The centrality of the credibility issue.

*Robinson,* at 1090–1091. If the trial court determines the probative value outweighs the prejudicial effect, the prior conviction is admissible for impeachment.

If more than ten (10) years has elapsed between the trial and the time the witness to be impeached was convicted of the crime, or released from confinement, admissability of that prior conviction is governed by § 2609(B). In order for this evidence to be admissible, its proponent must provide the adverse party with sufficient advanced written notice of intent to use the conviction to provide the adverse party with a fair opportunity to contest its use, and the proponent bears the burden to support the evidence with specific facts and circumstances to show the trial court that the probative value of the conviction *substantially* outweighs its prejudicial effect. 12 O.S.1981, § 2609(B); *Croney v. State,* 748 P.2d 34 (Okl.Cr.1981).

■ Appellant's convictions for theft in 1982 and 1984 clearly involve dishonesty and were properly admitted to impeach him under § 2609(A)(1). Appellant's reliance on *Croney* is totally misplaced. *Croney* addresses the admissibility of convictions over ten (10) years old under § 2609(B). This section is not applicable as the convictions were less than ten (10) years old.

Evidence of Appellant's guilty plea to the crime of hinderance of law enforcement for which he received a deferred sentence was improperly admitted. A deferred sentence is not a conviction, even though it may be derived by way of a guilty plea, and it is not a proper subject for impeachment. *White v. State,* 702 P.2d 1058 (Okl.Cr.1985). We find that admitting this evidence constituted harmless error, however, as we find no reasonable possibility that this improperly admitted evidence contributed to Appellant's conviction. *See Silver v. State,* 737 P.2d 1221, 1224 (Okl.Cr.1987).

■ In his second and final proposition Appellant asserts the State failed to present evidence sufficient to convict him beyond a reasonable doubt. Our review is guided by the well established *Spuehler* test. We must review the evidence in the light most favorable to the State to deter-

mine whether a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *See Roberts v. State,* 715 P.2d 483, 485 (Okl.Cr.1986).

We agree with Appellant that the evidence in this case was sharply contradicting. However, the jury and not this court must resolve conflicts and reconcile the testimony regarding motives of the witnesses and factual circumstances. *See Raymond v. State,* 717 P.2d 1147 (Okl.Cr. 1986). Upon review of the evidence we find the jury could have found the essential elements of Child Beating After Former Conviction of Two or More Felonies beyond a reasonable doubt. *See Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985). Finding no error requiring modification or reversal, we AFFIRM the judgment and sentence of the trial court.

PARKS, P.J., and BRETT and LUMPKIN, JJ., concur.