2002 OK CR 2

**Kip Antonio SMITH, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2000–658.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 2002.

Edward G. Lindsey, C. Timothy Tuck, Tulsa, OK, Attorneys for Defendant at trial.

Chad Greer, Tracy I. Cain, Assistant District Attorneys, Tulsa, OK, Attorneys for the State at trial.

Barry Benefield, Oklahoma City, OK, Attorney for Appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Patrick Crawley, Assistant Attorney General, Oklahoma City, OK, Attorneys for Appellee on appeal.

### SUMMARY OPINION

JOHNSON, Vice–Presiding Judge:

¶ 1 Appellant, Kip Antonio Smith, was convicted by a jury in Tulsa County District Court, Case No. CF 99–104, of Sexually Abusing a Minor Child, in violation of 10 O.S.Supp.1998, § 7115. Jury trial was held on March 6th–8th, 2000, before the Honorable Thomas Gillert, District Judge. The jury found Appellant guilty and set punishment at Fifteen (15) years imprisonment. Judgment and Sentence was imposed on May 8th, 2000, in accordance with the jury's verdict. From the Judgment and Sentence imposed, Appellant filed this appeal.

¶ 2 Appellant raised the following propositions of error:

1. The trial court erroneously failed to dismiss the case because of the prior jury determination of the factual issue of sexual abuse of the alleged victim by Appellant;

2. The court erroneously allowed State testimony as to the juvenile proceeding but refused to allow defense inquiry and denied defendant's motion for mistrial based on introduction of evidence about the juvenile protective order proceedings; and,

3. The court erroneously allowed cross-examination and rebuttal testimony on the subject of an alleged threat by Appellant against one of his other children.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal, including the original record, transcripts, and briefs of the parties, we find neither reversal nor modification is required and we therefore affirm.

¶ 4 Prior to Appellant's criminal trial, the State filed a deprived child action seeking to terminate Appellant's parental rights over his two daughters E.S. and K.S. on the basis of his alleged sexual abuse of their half-sister B.J., the victim in the criminal case underlying this appeal.[1] In that deprived child/termination proceeding, although the jury found the children to be deprived, it answered negatively to certain special interrogatories relating to the alleged sexual abuse.[2] Because the jury did not find Smith had committed the sexual abuse alleged in the Petition, the deprivation action ended there and his parental rights were not terminated.[3]

¶ 5 Prior to Appellant's trial in this case, he filed a Motion to Dismiss arguing the doctrine of collateral estoppel barred the State from further prosecution, because the jury in the deprived child action determined Appellant had not sexually abused his stepdaughter B.J. The trial court denied the Motion. Appellant was thereafter tried and convicted of Sexually Abusing a Minor Child (B.J.). In Proposition One, Appellant argues the trial court's decision was in error and asks this Court to reverse his conviction.

¶ 6 Oral argument on the claim raised in Proposition One was held on October 9, 2001. All judges of this Court were present.[4]

¶ 7 The doctrine of collateral estoppel stands for the principle that "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 442, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970) This rule of law is applicable to criminal proceedings and is embodied in the Fifth Amendment guarantee against double jeopardy. *Ashe*, 397 U.S. at 445–446, 90 S.Ct. at 1195.

¶ 8 While an acquittal on a criminal charge is never a bar to a civil action arising out of the same set of facts upon which the

---

1. Tulsa County District Court, Case No. JVD–98–254. Jury trial was held in JVD–98–254 on January 22, 1999, before the Honorable Carlos Chappelle.

2. The "verdict" form for the special interrogatories read as follows:

   We further find the following to exist (the Jury may find all to exist, one or more to exist, or that none exist. The Jury does not have to find one of the following in order to find this child to be deprived):

   1. Has the natural father sexually abused a child or sibling in a manner that is shocking and heinous; or
   2. Has the natural father sexually abused a child or a sibling in a manner which caused severe harm or injury to said child; or

   3. Has the natural father failed to protect this child or a sibling from sexual abuse that is shocking and heinous; or
   4. Has the natural father failed to protect this child or a sibling from sexual abuse which caused severe harm or injury to said child? (JVD 98–254 O.R. 19)

3. The State admits in its Motion for New Trial, filed in JVD 98–254, that "[t]he judge, based on the inconsistency between the verdict and the answers to the interrogatories, determined the State would be unable to proceed with the second stage of the trial and dismissed the jury from further duty." (O.R. 23, JVD 98–254).

4. Appellate counsel, Barry Benefield, appeared on behalf of Appellant. Patrick Crawley, Assistant Attorney General, appeared on behalf of the State of Oklahoma.

criminal proceeding was based, *State Mutual Life Assurance Co. of America v. Hampton,* 1985 OK 19, ¶ 4, 696 P.2d 1027, 1036 (Opala, J., concurring opinion), the reverse is not necessarily true. Collateral estoppel may be applicable where the first cause of action was civil and the second was criminal. *Yates v. United States,* 354 U.S. 298, 335–336, 77 S.Ct. 1064, 1085, 1 L.Ed.2d 1356 (1957), *overruled in part on other grounds,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). This is true because there is a lower burden of proof in a civil proceeding. A specific jury finding on an ultimate issue in favor of the defendant would preclude a subsequent criminal prosecution on the same issue or issues. This Court's discussion of collateral estoppel has thus far been limited to those cases involving prior criminal prosecutions or proceedings.[5] Today, we affirm the applicability of the doctrine of collateral estoppel to criminal prosecutions or proceedings when the prior proceeding was civil in nature.

¶ 9 To apply collateral estoppel, the following elements must be established: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Harrison v. Eddy Potash, Inc.,* 248 F.3d 1014, 1022 (10th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 543, 151 L.Ed.2d 421 (2001).

¶ 10 There is no doubt that the prior deprived child proceeding has been finally adjudicated on the merits; the parties were the same or in privity, and both parties had a full and fair opportunity to litigate the issue in the prior action. In this case, however, we cannot find that the issue(s) previously decided in the deprived child proceeding "were

identical with" the one presented in this criminal proceeding—whether Appellant sexually abused his minor child B.J. While at first glance the doctrine seems to apply, upon closer review of the deprived child action, we must conclude the jury in that case did not necessarily acquit Appellant of the same identical allegations.

¶ 11 The jury in the deprived child proceeding found Appellant had not committed sexual abuse that was "heinous or shocking" and had not committed sexual abuse that caused "severe harm or injury." *See f.* 2. The questions submitted to the jury did not allow the jury to find Appellant had committed sexual abuse without finding such abuse was aggravated in some way.

¶ 12 Because of the language of the special interrogatories and the jury's verdict, we cannot conclude that they in fact found Appellant had not committed sexual abuse against B.J. Also, we cannot conclude the factual issues decided by the jury in Appellant's favor were "ultimate issues." The jury was instructed it did not have to answer any of the special interrogatories affirmatively and could still find the children to be deprived. *See f.* 2.

¶ 13 Therefore, we find the doctrine of collateral estoppel did not bar Appellant's further criminal prosecution and the trial court did not err by denying the Motion to Dismiss.

¶ 14 Proposition Two does not warrant relief. If any error occurred when evidence of the prior protective order was put before the jury, the error was cured when the trial court instructed the jury to disregard the evidence. *Cheatham v. State,* 1995 OK CR 32, ¶ 35, 900 P.2d 414, 425.

¶ 15 Further, we find no error in the admission of testimony relating to the alleged threat made by Appellant towards his daughter. *Douglas v. State,* 1997 OK CR 79, ¶ 50,

5. *See e.g. Brown v. State,* 1998 OK CR 77, ¶ 10, 989 P.2d 913, 920; *Wilson v. State,* 1998 OK CR 73, ¶ 11, 983 P.2d 448, 456, *cert. denied,* 528 U.S. 904, 120 S.Ct. 244, 145 L.Ed.2d 205 (1999); *Alverson v. State,* 1999 OK CR 21, ¶ 6, 983 P.2d 498, 506, *cert. denied,* 528 U.S. 1089, 120 S.Ct. 820, 145 L.Ed.2d 690 (2000); *Bowie v. State,*

1995 OK CR 4, ¶ 18, 906 P.2d 759, 762; *Romano v. State,* 1993 OK CR 8, ¶ 85, 847 P.2d 368, 388, *aff'd,* 512 U.S. 1, 114 S.Ct. 2004, 129 L.Ed.2d 1 (1994). This is not an exhaustive list of all published cases in which this Court has dealt with issues of collateral estoppel.

951 P.2d 651, 668, *cert. denied,* 525 U.S. 884, 119 S.Ct. 195, 142 L.Ed.2d 159 (1998). Trial counsel did not object to the trial court's limiting instruction relating to the admission of the evidence and all but plain error is waived. *Id.* at ¶ 49, 951 P.2d at 668. We find no plain error and Proposition Three is denied.

## DECISION

¶ 16 The Judgment and Sentence of the trial court is hereby **AFFIRMED.**

LUMPKIN, P.J., and STRUBHAR and LILE, JJ., concur.

CHAPEL, J., concurs in part/dissents in part.

CHAPEL, Judge, concurs in part/dissents in part:

¶ 1 I concur in the majority's discussion and conclusion as to the applicability of the collateral estoppel doctrine to criminal proceedings where the issue has been finally determined in a civil proceeding. I cannot agree, however, with the majority's application of the doctrine to the facts in this case. To reach the conclusion the majority has reached, one must conclude that a child could be the victim of sexual abuse in a manner that is not "heinous or shocking" or that did not cause "severe harm or injury." That is not a conclusion I am prepared to make. I therefore dissent to the decision to affirm the conviction and sentence in this case.