**F I L E D**

**UNITED STATES COURT OF APPEALS**

**June 28, 2005**

**TENTH CIRCUIT**

CESAR DIAZ, a.k.a.
JORGE LIMON,

    Petitioner - Appellant,

v.

STATE OF OKLAHOMA,

    Respondent - Appellee.

No. 04-6238
(D.C. No. CIV-03-1487-T)
(W.D. Okla.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

State prisoner Jorge Limon[1] requests a certificate of appealability ("COA")

to appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition.[2]  For

---

[1] Petitioner's real name is César Díaz, but he was originally charged under the name Jorge Limon and that is how he refers to himself on habeas appeal.

[2] Limon's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case.  See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999).  AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA.  28 U.S.C. § 2253(c)(1)(A).  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  This requires Limon to demonstrate "that reasonable jurists could debate whether (or, for that matter,

(continued...)

substantially the same reasons set forth by the district court, we **DENY** Limon's request for a COA and **DISMISS**.

Limon was convicted of Conspiracy to Traffic Marijuana, Trafficking Marijuana, and nine counts of Using a Communication Facility to Facilitate the Commission of a Felony, and was sentenced to a total of thirty years. On state appeal, the Oklahoma Court of Criminal Appeals ("OCCA") reversed his convictions for Using a Communication Facility to Facilitate the Commission of a Felony, and upheld the remaining convictions. Limon filed the instant habeas petition raising the same six grounds for relief presented to OCCA on direct appeal regarding the remaining drug-related convictions.

# I

Limon's habeas case is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to AEDPA, he is not entitled to habeas corpus relief if his claim has been adjudicated on the merits by the state court unless the adjudication of that claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

---

[2](...continued)
agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Limon a COA, he may not appeal the district court's decision absent a grant of a COA by this court.

Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Because the district court dismissed Limon's habeas petition on a procedural ground prior to development of either the factual or legal basis for his underlying claims, our assessment of the merits of his claims is necessarily limited. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000); Adams v. Lemaster, 223 F.3d 1177, 1179 (10th Cir. 2000). Limon has neither shown a valid claim of the denial of a constitutional right nor that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Addressing the procedural aspect first, we must determine if the district court was correct in its determination that Limon has failed to preserve his claims for appeal. The district court found as follows:

In his May 13, 2004, objection to the Report and Recommendation, Petitioner attempted to raise objections to Judge Couch's recommendation with respect to his first, third and sixth grounds for relief. However, the Court held that Petitioner's attempted objections were too vague to preserve the issues for review. The Court has reviewed Petitioner's motion with respect to these three grounds and finds that Petitioner has not demonstrated that the Court's decision (that he failed to preserve the issues for review) was debatable or wrong. Rather, Petitioner merely recited the general nature of the claim and did not address any potential errors in the Court's decision. Accordingly, Petitioner's request for a COA on his first, third and sixth grounds is denied. As to the second, fourth and fifth grounds, the Court finds the issues were waived by Petitioner as he did not raise them in his objection to Judge Couch's Report and Recommendation. Accordingly, Petitioner's request for a COA on the second, fourth and fifth grounds is denied.

Under Rule 72 of the Federal Rules of Civil Procedure, when a magistrate judge issues a ruling on a dispositive pretrial motion, a party has ten days after service to "serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). Failure to file a specific objection to a magistrate judge's Report and Recommendation, which focuses the district court's attention on the factual and legal issues in dispute, constitutes a waiver of appellate review. United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996).

Limon's general objection read as follows:

Petitioner objects to the specific rulings in each of the grounds reviewed and ruled upon by the Magistrate Judge, i.e., Ground One: Whether Petitioner's Confession was Voluntary; Ground Three: Double Jeopardy; and Ground Six: Fourth Amendment Claim. Petitioner further objects to the dismissal of his request for review of

the remaining counts present[ed] to this Court for review. In light of this objection, the district court properly concluded that Limon failed to provide any meaningful notice as to the particular factual or legal errors he implicitly claims the magistrate judge committed. We therefore conclude that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. See Slack, 529 U.S. at 484.

## II

However, we have held that the waiver rule need not be applied where the interests of justice so dictate. 2121 E. 30th St., 73 F.3d at 1060. A brief review of the merits of Limon's claims is necessary to determine whether the interests of justice would warrant excusing petitioner from the firm-waiver rule. They do not. Limon raised three contentions of error based on constitutional protections and three based solely on state law. The magistrate reviewed the constitutional claims under AEDPA's deferential standard of review and the state law claims to determine if they were so grossly prejudicial that they fatally infected the fundamental fairness of the trial process so as to amount to a deprivation of due process.

Limon's federal constitutional claims are:

1.   The trial court erred in failing to suppress his confession as involuntary because it was given in response to a promise of leniency.

5

2. His convictions for conspiracy and trafficking violated the prohibitions against double jeopardy.

3. Money recovered from his car was seized as a result of an illegal stop and should therefore have been suppressed.

## A

While it is clear that an involuntary confession is inadmissible, Jackson v. Denno 378 U.S. 368 (1964), it was not "unreasonable" for OCCA to determine that Limon's confession was voluntary. Although a confession induced from a person under a governmental promise of leniency is involuntary and must be excluded under the Self-Incrimination Clause of the Fifth Amendment, Shotwell Mfg. Co. v. United States, 371 U.S. 341, 347 (1963), at the time of Limon's agreement with police, he had already confessed and provided details of the crime. OCCA's conclusion that this confession was not affected by the subsequent agreement is reasonable. Therefore, because Limon is not entitled to habeas relief, the interests of justice do not excuse application of the firm-waiver rule.

## B

OCCA also determined that Limon's convictions for Conspiracy to Traffic Marijuana and Trafficking did not violate the Double Jeopardy Clause of the United States Constitution. The Supreme Court has held that "[t]he question of

6

what punishments are constitutionally permissible is no different from the question of what punishments the Legislative Branch intended to be imposed." Missouri v. Hunter, 459 U.S. 359, 368 (1983) (citing Albernaz v. United States, 450 U.S. 333, 340 (1981)). We are "bound by a state court's determination of the legislature's intent." Cummings v. Evans, 161 F.3d 610, 615 (10th Cir. 1998) (citations omitted). OCCA has determined that "a conspiracy to commit an unlawful act constitutes an independent crime." Hawkins v. State, 46 P.3d 139, 149 (Okla. Crim. App. 2002). OCCA's determination on Limon's double jeopardy claim therefore was not contrary to clearly established federal law.

## C

OCCA determined that Limon's Fourth Amendment claims were barred by collateral estoppel because the claim was raised and decided in a companion civil forfeiture case. Collateral estoppel is a doctrine barring a party from relitigating an issue determined against that party in an earlier action. For its collateral estoppel determination, OCCA relied on Smith v. State, 46 P.3d 136, 138 (Okla. Crim. App. 2002), in which it had determined that collateral estoppel may be applicable where the first cause of action was civil and the second was criminal. Smith 46 P.3d at 138. OCCA applies collateral estoppel when, inter alia, the issue previously decided is identical with the one presented in the action in question. Smith, 46 P.3d at 138; see also Harrison v. Eddy Potash, Inc., 248 F.3d

7

1014, 1022 (10th Cir. 2001) (applying same test).  The Fourth Amendment

challenge brought before us is identical to the one brought in the civil forfeiture

action and again before OCCA.  At a suppression hearing in the forfeiture case,

two state agents described the surveillance that led to the traffic stop and

subsequent search of Limon's vehicle.  The agents were subjected to cross-

examination, and both the prosecution and the defense briefed the issues relevant

to the constitutionality of the search.  The application of collateral estoppel in

such a situation is not clearly in violation of Supreme Court precedent as required

for the grant of a COA under AEDPA.  See Yates v. United States, 354 U.S. 298,

335 (1957) ("[T]he doctrine of collateral estoppel is not made inapplicable by the

fact that this is a criminal case, whereas the prior proceedings were civil in

character.") (overruled in part on other grounds, Burks v. United States, 437 U.S.

1 (1978)).  Furthermore, even if we did not agree with the outcome of the

forfeiture action's suppression hearing, "habeas relief shall not be granted on the

ground that the trial court admitted evidence obtained in violation of the Fourth

Amendment despite the judicially-created exclusionary rule, provided that the

defendant had an opportunity for full and fair litigation of the Fourth Amendment

claim."  Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999).  OCCA's

collateral estoppel determination and thus its disposition of the Fourth

Amendment issue was therefore not clearly contrary to, nor did it involve an

8

unreasonable application of, clearly established Federal law under AEDPA.

**III**

Lastly, we must consider whether misapplication of Oklahoma law justifies our granting Limon a COA. OCCA, the highest court in the State of Oklahoma with appellate jurisdiction in criminal cases, determined that state law was not violated by state actions taken in Limon's investigation and prosecution. Because issues of state law are not cognizable on federal habeas review, Estelle v. McGuire, 502 U.S. 62, 67-69 (1991), claims based solely on alleged errors of state law will be reviewed to determine whether the alleged errors were "so grossly prejudicial [that they] fatally infected the trial and denied the fundamental fairness that is the essence of due process." Revilla v. Gibson, 283 F.3d 1203, 1212 (10th Cir. 2002) (citation omitted). We agree with the magistrate that OCCA's state law determinations appear reasonable, and that even if incorrect, do not rise to the level of a federal constitutional due process violation.

**IV**

Thus, having reviewed the record, we conclude that the interests of justice do not warrant lifting the bar of appellate review here. See 2121 E. 30th St., 73 F.3d at 1060-61 (citing Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). Accordingly, we hold that Limon has waived appellate review by failing to make specific objections to the magistrate judge's Report and

9

Recommendation.  However, in accord with the analysis conducted above, on a merits review, we would affirm for substantially the same reasons the magistrate judge set forth in his Report and Recommendation.  Thus, jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right, and the second Slack prong cannot be met.  See Slack, 529 U.S. at 484.

For all of the reasons above, we **DENY** Limon's request for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

10