2008 OK CR 29

Samuel Clifton FOLKS, II, Appellant

v.

STATE of Oklahoma, Appellee.

No. F–2007–1204.

Court of Criminal Appeals of Oklahoma.

Dec. 19, 2008.

James C. Linger, Tulsa, OK, counsel for appellant at trial.

Tim Harris, District Attorney, Courtney Smith, Assistant District Attorney, Tulsa, OK, counsel for the state at trial.

Thomas Purcell, Norman, OK, counsel for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jay Schniederjan, Assistant Attorney General, Oklahoma City, OK, counsel for the state on appeal.

## SUMMARY OPINION

LUMPKIN, Presiding Judge.

¶ 1 Appellant Samuel Clifton Folks, II, was tried by jury and convicted of Sexually Abusing a Minor (10 O.S.Supp.2002, § 7115), Case No. CF–2006–5452, in the District Court of Tulsa County. The jury recommended as punishment eight (8) years imprisonment and the trial court sentenced accordingly. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following propositions of error in support of his appeal:

I. The admission of a DVD showing DR being interviewed by a social worker was error which prejudiced the jury

against Appellant on the issues of both guilt and punishment.

II. The trial court violated Appellant's statutory and constitutional right to present his defense when the trial court ruled that Appellant could not testify that he had agreed to take a polygraph test.

III. The trial court's failure to answer the jury's question regarding the nature of the offense being tried generated an unacceptable risk that some, and perhaps all, of the jurors convicted Appellant in the absence of a finding that Appellant committed the charged offense.

IV. Collateral estoppel barred Appellant's conviction for sexual abuse, therefore his conviction should be reversed with instructions to dismiss; in the alternative Appellant's conviction should be reversed because he received ineffective assistance of counsel when trial counsel failed to raise the issue at trial.

V. The prosecutor's impeachment of defense witness Frieda Walls with the fact that she had pled guilty even though the plea did not result in a conviction was error which requires that Appellant's conviction be reversed.

VI. Appellant's right to cross-examine the witnesses against him was violated when the trial court restricted his right to cross-examine a key prosecution witness.

VII. Appellant was deprived of a fair trial when the prosecution subjected DR to "court school".

VIII. Appellant was deprived of a fair trial when the majority of the evidence against him was in the form of hearsay.

¶ 3 After thorough consideration of these propositions and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that neither reversal nor modification is warranted under the law and the evidence.

¶ 4 Appellant was convicted of sexually abusing five year old D.R. At the time of the crime, Appellant lived with D.R.'s mother, Frieda Walls. Appellant and Walls had two children, six year old J.F. and three year old S.F., III. D.R. was not Appellant's biological child. The State's evidence showed that on October 29, 2006, Coletha Medlock, a cousin of Frieda Walls, was babysitting the children at her home. Medlock testified at trial that J.F. told her that he saw Appellant put his penis in D.R.'s mouth and her bottom. She testified to having heard D.R. make similar comments two years earlier. Medlock also said she observed D.R. imitate having sexual intercourse. Medlock subsequently called the police. Officer Richard responded and spoke with J.F. He repeated the statements he had made to Medlock. He also said he had seen it happen several times. Based upon this information, Officer Richard reported the information to detectives. J.F. repeated his statements to Betsy Boyd, an investigator with the Department of Human Services. J.F. and D.R. were subsequently placed into protective custody.

¶ 5 On November 1, 2006, both children were interviewed at the Child Abuse Network/Justice Center by forensic interviewer Rose Perry. These interviews were taped and the DVD of D.R.'s interview was admitted at trial as State's Exhibit 1. On the DVD, D.R. said "daddy was humping me", that she had told this to her cousin "Squeaky" (Coletha Medlock), that she was on the floor at her home in the front room when it happened, that her clothes were on but her daddy's clothes were off, that when her daddy was humping her that his "weenie" was touching her "stuff" inside her clothes, that "snot came out of his weenie" and that it hurt when he put it "way up there." D.R. also said that her brother saw when "daddy made me suck his dingaling", that her daddy's "dingaling" was "big and hard", and that she told her mother what happened.

¶ 6 At trial, the then 7 year old J.F. retracted his earlier story and denied ever seeing Appellant sexually abuse D.R. He testified he remembered talking with Rose Perry at the Child Abuse Center but he was mistaken in his allegation of sexual abuse

against Appellant. He said he did not remember talking to his grandmother about Appellant molesting D.R., and he said he did not tell Squeaky, Officer Richard, Ms. Boyd, or the prosecutor that Appellant had molested D.R.

¶7 D.R. testified on direct examination consistent with her statements made during the interview at the Child Abuse Center. However, on cross-examination, she first testified she had never seen Appellant's penis but then admitted she had previously testified she had said she had seen it. She said she did not remember saying that anything had come out of Appellant's penis, but after having her memory refreshed by looking at the transcript of the previous hearing, she remembered testifying that "snot" had come out of his penis.

¶8 On re-direct examination, D.R. was asked if something "nasty" had happened on the couch with Appellant. D.R. said something had, but she did not remember what. D.R. then responded she was five when Appellant did something nasty to her on the couch. D.R. said Squeaky did not tell her what to say and the things she said Appellant did to her actually happened.

¶9 Appellant took the stand in his own defense and denied sexually abusing D.R. He blamed the accusations on Coletha Medlock who he claimed had made up the allegations and coached D.R. to repeat them.

¶10 In Proposition I, we find the DVD of D.R.'s recorded interview at the Child Abuse Network/Justice Center (State's Exhibit 1) was properly admitted under 12 O.S.Supp.2004, § 2803.1, as D.R. testified at trial. Section 2803.1 is a specific exception to the general hearsay rule and allows for the admission of a statement by a child under thirteen years old describing acts of physical or sexual conduct performed on or with the child. The provision requires an *in-camera* hearing for the trial court to determine that the time, content and totality of circumstances surrounding the taking of the statement provide sufficient indicia of reliability so as to render it inherently trustworthy. "In determining such trustworthiness, the court may consider, among other things, the following factors: the spontaneity and consistent repetition of the statement, the mental state of the declarant, whether the terminology used is unexpected of a child of similar age, and whether a lack of motive to fabricate exists." 12 O.S.Supp.2004, § 2803.1(A)(1). If the statement is found sufficiently trustworthy it is admissible if the child either testifies, is available to testify pursuant to the provisions of 12 O.S.Supp. 2004, § 2611.2 or is unavailable pursuant to 12 O.S.Supp.2004, § 2804.

¶11 Section 2803.1 has previously been held not to apply to pre-recorded statements. *See Curtis v. State,* 1988 OK CR 185, ¶5, 763 P.2d 377, 378. However, subsequent revisions to § 2803.1 have provided sufficient foundational safeguards for the admission of pre-recorded statements. Any constitutional problems present in the earlier versions of the statute were cured by the revisions.

¶12 In the present case, the trial court determined D.R.'s statements were sufficiently trustworthy. Contrary to Appellant's argument, the spontaneity requirement of § 2803.1 cannot be equated with the spontaneity required of an excited utterance under 12 O.S.Supp.2004, § 2803(2). Merely because the child victim's statements are made in response to questioning does not make them untrustworthy. The trial court should consider, as in the present case, whether the questioning coerced or lead the child victim in any way to testify in a certain manner. With the appropriate scrutiny by the trial court, the concerns expressed by this Court in *Burke v. State,* 1991 OK CR 116, ¶¶20–21, 820 P.2d 1344, 1348 will be allayed.[1] The record in the present case clearly supports the trial court's conclusion that the child victim was not coerced or led in any manner to testify a certain way.

¶13 As the statement was found trustworthy and as D.R. testified at trial and

---

1. In *Burke,* this Court expressed concerns with presenting the child victim's videotaped statement "made with one-sided questions, by an expert questioner, who could coach, lead and gain the required result without the defendant having his Sixth Amendment right of confrontation." 1991 OK CR 116, ¶21, 820 P.2d at 1348.

was subject to cross-examination, admission of the statement did not violate Appellant's rights under the Confrontation Clause. *See Stouffer v. State*, 2006 OK CR 46, ¶ 70, 147 P.3d 245, 264 ("The [Confrontation] Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it" quoting *Crawford v. Washington*, 541 U.S. 36, 59, fn. 9, 124 S.Ct. 1354, 1369, fn. 9, 158 L.Ed.2d 177 (2004)).

■ ¶ 14 We recognize that while this interpretation of § 2803.1 may allow the State to present its principal witness twice, it does not invariably operate to allow the State to bolster its version of the facts. In *Briggs v. State*, 789 S.W.2d 918 (Tex.Cr.App.1990), addressed in *Burke*, the Texas Court of Criminal Appeals said that the State could choose to call the child during its case-in-chief, ask a few preliminary questions with regard to making of the videotape, and then tender the witness to the defendant for cross-examination. That court found that under that scenario, the State would neither duplicate its case nor force the defendant to endure the stigma of calling the child to the stand himself. *Burke*, 1991 OK CR 116, ¶¶ 16–17, 820 P.2d at 1347.

¶ 15 In the present case, D.R. was the eighth prosecution witness to testify. She was cross-examined and arguably impeached. State's Exhibit 1, the recorded statement, was introduced during the testimony of the next witness, Rose Perry, who conducted the interview with D.R. at the Child Abuse Network/Justice Center. Whether the recorded statement bolstered the State's case was for the jury's determination as part of its determination of the weight and credibility of the testimony. Accordingly, we find the trial court did not abuse its discretion in admitting State's Exhibit 1 under § 2803.1. *See Williams v. State*, 2001 OK CR 9, ¶ 94, 22 P.3d 702, 724 (admission of evidence is left to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion). To the extent *Curtis v. State* is inconsistent with this opinion, it is hereby overruled.[2]

■ ¶ 16 In Proposition II, Appellant's testimony regarding his offer to take a polygraph and "pass it" was properly excluded because any polygraph test would not have been admissible. *See Matthews v. State*, 1998 OK CR 3, ¶ 18, 953 P.2d 336, 343. Appellant's self-serving statement was nothing more than an attempt to bolster his denial to the police, particularly in light of the fact that no polygraph test was ever conducted. This was not relevant evidence under 12 O.S.2001, § 2401 and was properly excluded. *See Coddington v. State*, 2006 OK CR 34, ¶¶ 47–49, 142 P.3d 437, 451. Appellant was not denied his ability to present a defense as he presented his denials to the jury during his own testimony.

¶ 17 In Proposition III, although there was testimony about sexual acts other than that alleged in the information, the trial court's response to the jury's question during deliberations appropriately directed the jury back to its written instructions. *See Stouffer*, 2006 OK CR 46, ¶ 135, 147 P.3d at 271.

¶ 18 In Proposition IV, we find the record does not support Appellant's claim that the State was collaterally estopped from prosecuting him. *See Smith v. State*, 2002 OK CR 2, ¶¶ 7–9, 46 P.3d 136, 137–138. It is not clear from the record before us whether Appellant's parental rights were the subject of the prior civil proceeding, or if the jury necessarily acquitted him of the same allegations contained in the felony information. Further, we find trial counsel was not ineffective for failing to raise the issue at trial as any such objection to the prosecution would have been overruled. *See Phillips v. State*, 1999 OK CR 38, ¶ 119, 989 P.2d 1017, 1047.

¶ 19 Filed contemporaneously with the appellate brief is *a Motion to Supplement the Record and/or Application for Evidentiary Hearing on Sixth Amendment Claims* on the grounds that counsel failed to object to the criminal prosecution on the basis of collateral estoppel. Having reviewed the application and the supporting affidavit from Appellant, we find Appellant has not shown by clear and

2. I continue to have concerns regarding the use of this type of evidence and want to emphasize it is incumbent on each trial judge to properly and strictly make the pre-admission findings to ensure the use of this type of evidence is not abused.

convincing evidence a strong possibility that defense counsel was ineffective for failing to raise the objection. Accordingly, we decline to grant Appellant's application for an evidentiary hearing.

■ ¶ 20 In Proposition V, as Frieda Walls received a deferred sentence as result of her prior guilty plea, the trial court erred in allowing the prosecutor to ask if she had pled guilty in this case. *See Cline v. State,* 1989 OK CR 69, ¶ 10, 782 P.2d 399, 401; *Porter v. State,* 1985 OK CR 118, ¶ 4, 706 P.2d 540, 541. *See also* 12 O.S.2001, § 2608 (a deferred sentence is not a conviction, even though it may be derived by way of a guilty plea, and it is not a proper subject for impeachment). However, this error is not cause for reversal. The trial court's sustaining of the defense objection and admonishing the jury cured any error. *See Stemple v. State,* 2000 OK CR 4, ¶ 49, 994 P.2d 61, 71. Further, there was no reasonable possibility that the evidence contributed to Appellant's conviction. *Cline,* 1989 OK CR 69, ¶ 10, 782 P.2d at 401.

■ ¶ 21 In Proposition VI, we find the trial court did not abuse its discretion in limiting the cross-examination of Coletha Medlock. No evidence was offered or presented that the witness was treated for any mental health problems or that defense counsel actually knew of any treatment. Without further evidentiary support, the probative value of the evidence was outweighed by its prejudicial effect. *See Thrasher v. State,* 2006 OK CR 15, ¶¶ 6–10, 134 P.3d 846, 848–49.

¶ 22 As for questioning regarding Medlock's prior convictions, the only evidence offered was of a prior conviction over ten years old. A felony conviction greater than ten years old is not admissible to impeach the witness unless the court determines, in the interest of justice, that the probative value of the conviction is supported by specific facts and circumstances substantially outweighing its prejudicial effect. 12 O.S.2001, § 2609(B). Here, Medlock's credibility was thoroughly questioned during cross-examination. The fact that she was previously convicted of a felony had little if any probative value on her credibility in repeating the allegations made to her by the children.

■ ¶ 23 In Proposition VII, we find no plain error in admitting D.R.'s testimony after her attendance at what is referred to in the record as "court school." The record clearly supports the trial court's determination that D.R. was a competent witness. *See* 12 O.S.2001, §§ 2601 and 2603. D.R. sufficiently distinguished truth from fiction, took an oath, and demonstrated that she had personal knowledge of the crime. *See Gilson v. State,* 2000 OK CR 14, ¶ 60, 8 P.3d 883, 906–07. The record does not support Appellant's argument that during "court school" D.R. was "coached" on what to say. Any conflict or inconsistency in D.R.'s testimony was for the jury to assess in determining her credibility and the weight to give her to testimony, not her competency to testify. *Id.*

■ ¶ 24 In Proposition VIII, Appellant was not denied a fair trial through the admission of hearsay. Appellant concedes that D.R.'s testimony was admissible under 12 O.S. Supp.2004, § 2803.1. As for J.F., his trial testimony that he did not see Appellant sexually abuse D.R. and his denials to having made any statements to the contrary were inconsistent with his pre-trial statements. Therefore, extrinsic proof of his prior statements that he had witnessed the sexual abuse were admissible under 12 O.S.2001, § 2613(B). *See Douglas v. State,* 1997 OK CR 79, ¶ 88, 951 P.2d 651, 676; *Omalza v. State,* 1995 OK CR 80, ¶¶ 47 & 49, 911 P.2d 286, 302. Further, J.F.'s pre-trial statements were not even necessarily hearsay under 12 O.S.2001, § 2801(A)(3) as they were not offered to prove the truth of the matter asserted, but to show J.F. made the statements and then testified differently at trial. Additionally, the jury was sufficiently instructed on impeachment evidence.

¶ 25 Based upon the foregoing, this appeal is denied.

### DECISION

The Judgment and Sentence is **AFFIRMED.** The *Motion to Supplement the Record and/or Application for Evidentiary Hearing on Sixth Amendment Claims* is

**DENIED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2008), the *MANDATE* is *ORDERED* issued upon delivery and filing of this decision.

C. JOHNSON, V.P.J., LEWIS, concur.

A. JOHNSON, J., specially concur.

CHAPEL, J., concur in result.

A. JOHNSON, Judge, Specially Concurs.

¶ 1 I agree that Folks's conviction should be affirmed. I write to emphasize that admission of the videotaped forensic interview containing testimonial hearsay of the child victim in this case did not pose a Confrontation Clause problem because the child victim testified at trial and was subject to cross examination. Under *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004), a testimonial, out-of-court statement offered against an accused to establish the truth of the matter asserted may be admitted only where the declarant is unavailable and where the accused has had a prior opportunity to cross-examine the witness. *Crawford* states, however, that "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Id.* at 59 n. 9, 124 S.Ct. at 1369 n. 9, citing *California v. Green,* 399 U.S. 149, 162, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). Statements made by a child victim during a forensic interview in a child abuse investigation constitute testimonial hearsay in the criminal trial of the alleged perpetrator. If the child victim is unavailable at trial, the defendant must have been afforded a prior opportunity to confront the child victim about his or her statement before the statement would be admissible at trial.