OSCN Found Document:STATE v. KISTLER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE v. KISTLER
2017 OK CR 24
Case Number: PR-2017-518
Decided: 10/25/2017
Supreme Court of Oklahoma
Cite as: 2017 OK CR 24, 0 0

 

 

ORDER GRANTING PETITION FOR WRIT OF PROHIBITION

¶1 The State of Oklahoma, Petitioner, has filed a petition for writ of prohibition, or in the alternative, writ of mandamus, asking this Court to prohibit the Respondent, the Honorable Stephen Kistler, Associate District Judge, from enforcing his order requiring the State to dismiss one count of either Burglary in the First Degree, or Robbery With a Firearm and proceed to trial on only one charge in Case No. CF-2016-364 in the District Court of Payne County.

¶2 On May 19, 2016, the defendant was charged in Case No. CF-2016-364 with Count 1: Robbery With a Firearm; and Count 2: Burglary in the First Degree. The preliminary hearing was held on December 16, 2016, and the defendant was bound over for trial on both charges. The facts of this case are basically that the defendant broke and entered a dwelling house and, while inside, used a firearm to rob the occupant.

¶3 On March 1, 2017, the defendant filed a motion to dismiss Count 2. The defendant argued he could not be punished for Count 2, pursuant to 21 O.S.2011, § 11(A) and Lawson v. State, 1971 OK CR 188, 484 P.2d 900, because Count 2 involved the same criminal act or omission as Count 1. On March 16, 2017, the State filed its response claiming that Robbery With a Firearm and Burglary in the First Degree are separate crimes that can both be punished in this case. The State argued the Lawson decision can be distinguished from this case as being inconsistent with more recent decisions issued by this Court. On May 17, 2017, Judge Kistler issued his order accepting the defendant's arguments and ordering the State "based upon Lawson v. State, 1971 OK CR 188and 22 [sic] O.S. § 11" to dismiss one of the two counts charged in this case and elect which count to proceed upon at trial.

¶4 Although Lawson has never been expressly overturned, the analysis used to apply Section 11 of Title 21 is now clearly different than any analysis used in Lawson. Decisions issued by this Court subsequent to Lawson have apparently distinguished or even effectively overturned that decision.

¶5 Lawson was appealing to this Court from his conviction for the crime of Burglary in the First Degree and his sentence of twenty years imprisonment. Lawson, 1971 OK CR 188, ¶ 2, 484 P.2d at 901. "[H]e was convicted under the same facts, circumstances and with the same evidence for the crime of 'Robbery With Firearms' for which he was earlier convicted." Id. Lawson's victim was at his home when he was awakened by a noise in the hallway. Lawson, 1971 OK CR 188, ¶ 4, 484 P.2d at 901. When the victim switched on the light, he saw Lawson dressed in black attire, holding a gun pointed at him. Id. Lawson bound and gagged the victim and then started rummaging through the house. Id. A complete inventory of the items Lawson stole from the victim's house was later prepared. Lawson, 1971 OK CR 188, ¶ 5, 484 P.2d at 902. This Court determined that Section 11 of Title 21 prevents multiple punishments "for several crimes committed during one criminal transaction." Lawson, 1971 OK CR 188, ¶ 6, 484 P.2d at 902. This Court found that Lawson's acts were set on foot for the single purpose of committing a burglary, but in fulfilling that purpose, he also committed armed robbery. Id. This Court also found that Lawson's First Degree Burglary and Robbery With Firearms charges were one single transaction based upon the same facts and the same evidence. Lawson, 1971 OK CR 188, ¶¶ 9, 12, 484 P.2d at 903. Because Lawson had already been convicted of and was undergoing punishment for Robbery With Firearms, this Court reversed and remanded Lawson's First Degree Burglary conviction and sentence with instructions to dismiss. Lawson, 1971 OK CR 188, ¶ 13, 484 P.2d at 903.

¶6 In 1980, this Court specifically held that Section 11 of Title 21 was not violated by convicting a defendant of one count of Burglary in the First Degree, two counts of Rape in the First Degree, two counts of Sodomy, and one count of Unauthorized Use of a Motor Vehicle, when the defendant broke into a residence, raped and sodomized the two female residents inside, and then took the keys and left in one of the victim's car. Ziegler v. State, 1980 OK CR 23, ¶¶ 1-3, 610 P.2d 251, 252-53. This Court found that the crime of burglary is complete upon entry; that it was a separate and distinct act from each of the other crimes; and that each crime had separate and distinct elements that did not merge or overlap into the proof of any of the other crimes. Ziegler, 1980 OK CR 23, ¶¶ 9-10, 610 P.2d at 253-54. The Ziegler decision did not address Lawson, and thus obviously did not distinguish or overturn it.

¶7 In 1999, this Court clarified the proper analysis to be used in determining whether Section 11 of Title 21 has been violated. Davis v. State, 1999 OK CR 48, 993 P.2d 124. In Davis, the defendant was convicted of Larceny from a House (count 1), Assault with a Dangerous Weapon (count 2), and Larceny of an Automobile (count 3). The defendant argued that his convictions for all three counts violated the provisions of Section 11. This Court specifically rejected tests that expand the Section 11 prohibition to crimes which are a mere means to some other ultimate objective, or part of some primary offense. Davis, 1999 OK CR 48, ¶¶ 10, 11, 993 P.2d at 126. This Court held that the proper analysis of a Section 11 claim focuses on the relationship between the crimes. Davis, 1999 OK CR 48, ¶ 13, 993 P.2d at 126; see also Sanders v. State, 2015 OK CR 11, 358 P.3d 280 (possession of one firearm cannot be criminalized as both felon in possession and knowingly concealing stolen property); Head v. State, 2006 OK CR 44, 146 P.3d 1141 (possession of crack cocaine and possession of drug paraphernalia are separate criminal acts); Hale v. State, 1995 OK CR 7, 888 P.2d 1027 (one act of intercourse cannot be criminalized as both rape and incest). This Court found Davis' crimes were a series of separate crimes which are not prohibited by Section 11, even if they tangentially relate to each other or are committed during a continuing course of conduct. Davis, 1999 OK CR 48, ¶¶ 7, 13, 993 P.2d at 126, 127.

¶8 Section 11 of Title 21 provides that "an act or omission which is made punishable in different ways by different provisions of this title may be punished under any of such provisions, . . . but in no case can a criminal act or omission be punished under more than one section of law; and an acquittal or conviction and sentence under one section of law, bars the prosecution for the same act or omission under any other section of law." 21 O.S.2011, § 11(A). The prohibition of punishment or prosecution in Section 11 has always applied to "a criminal act or omission." Id. In this case, the defendant's breaking and entering of a dwelling house is "a criminal act or omission" that has been charged as Burglary in the First Degree. The defendant's use of a firearm to rob an occupant inside the dwelling house is "a criminal act or omission" that has been charged as Robbery With a Firearm. Section 11 of Title 21 has not and does not prohibit the prosecution of or punishment for separate and distinct criminal acts or omissions as charged in this case. Id. While Lawson was implicitly overruled in Davis, we take this opportunity to explicitly overrule Lawson to ensure clarity for the District Courts in analyzing Section 11.

¶9 Before a writ of prohibition will issue, Petitioners have the burden of establishing (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy. Rule 10.6(A), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2017). The District Court has exercised judicial power by ordering the State to dismiss one of the charges in this case based upon Section 11 of Title 21 and Lawson. Id. As addressed above, the order to dismiss one of the charges in this case is not required or authorized by law. Id. The District Court's order to dismiss one of the charges in this case will result in injury for which the State has no other adequate remedy. Id.; see also 22 O.S.2011, § 1053.

¶10 Therefore, the petition for writ of prohibition asking this Court to prohibit Judge Kistler from enforcing his order requiring the State to dismiss one count of either Burglary in the First Degree, or Robbery With a Firearm and proceed to trial on only one charge in Case No. CF-2016-364 in the District Court of Payne County should be, and is hereby, GRANTED.

¶11 IT IS SO ORDERED.

¶12 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 25th day of October, 2017.

/s/GARY L. LUMPKIN, Presiding Judge

/s/DAVID B. LEWIS, Vice Presiding Judge
Specially Concurs

/s/ROBERT L. HUDSON, Judge

ATTEST:

/s/John D Hadden
Clerk

 

 

LEWIS, V. P. J., SPECIALLY CONCURS:

¶1 I write separately to clarify my position. Quite clearly the trial court relied on case law which is substantially distinguishable from the case at bar. Lawson v. State, 1971 OK CR 188, 484 P.2d 900, concerns a situation where there are subsequent trials covering two crimes arising out of the same transaction. This Court in Lawson relied on 21 O.S.Supp.1970, § 11, and 22 O.S.1961, § 404. The current case law sets forth the correct analysis of a section 11 issue. See Davis v. State, 1999 OK CR 48, 993 P.2d 124. Furthermore, in Taylor v. State, 1995 OK CR 10, ¶ 45, 889 P.2d 319, 339, this Court held that offenses occurring inside a residence once the burglary is completed do not merge into a single transaction prohibiting separate charges and convictions. I, therefore, agree that Lawson should be overruled.

¶2 To make it clear, the prohibition against subsequent trials which occurred in Lawson may properly be analyzed under the prohibition against double jeopardy and collateral estoppel. See Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); State v. Hooley, 2012 OK CR 3, 269 P.3d 949; and Smith v. State, 2002 OK CR 2, 46 P.3d 136. This issue has not arisen in this case, so further analysis is unnecessary.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1995 OK CR 7, 888 P.2d 1027, HALE v. STATE
Discussed
 1995 OK CR 10, 889 P.2d 319, TAYLOR v. STATE
Discussed
 2002 OK CR 2, 46 P.3d 136, SMITH v. STATE
Discussed
 2006 OK CR 44, 146 P.3d 1141, HEAD v. STATE
Discussed
 2012 OK CR 3, 269 P.3d 949, STATE v. HOOLEY
Discussed
 2015 OK CR 11, 358 P.3d 280, SANDERS v. STATE
Discussed
 1999 OK CR 48, 993 P.2d 124, Davis v. State
Discussed at Length
 1980 OK CR 23, 610 P.2d 251, ZIEGLER v. STATE
Discussed at Length
 1971 OK CR 188, 484 P.2d 900, LAWSON v. STATE
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 11, Specific Statutes in Other Chapters as Governing - Acts Punishable in Different Ways
Discussed at Length
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 404, Requirement of One Offense - Same Acts
Cited
 22 O.S. 1053, State or Municipality May Appeal in What Cases
Cited